## BRANDON *v.* AVERY.

The only limitation attached by the Constitution of 1846 to the jurisdiction of new magistrates, to be created by the legislature, in cities and villages, is, that it be local and inferior.

The jurisdiction of a police justice, in an incorporated village, is sufficiently defined and limited, within the intent of the Constitution, by giving him that of a justice of the peace of the town in which such village is situated, and restricting its exercise to the limits of the village.

APPEAL from the Supreme Court. Action originally commenced in a justice's court, before the police justice of the village of Ilion, in the county of Herkimer, by summons in the usual form. Whether the summons was served, or where, did not appear; but on its return-day the parties came before the justice in Ilion, and joined issue. The complaint was for trespass on lands in the town of Litchfield (where both the parties resided), which adjoins the town of German Flats, wherein Ilion is situated. The defendant interposed the plea of title by answer in writing, making no objection to the jurisdiction of the justice over the parties or the cause of action. He gave the usual undertaking; whereupon the action was discontinued before the justice and brought in the County Court. Upon the trial there, the defendant objected to the jurisdiction upon the ground that the police justice had no jurisdiction of parties or actions, except within the village of Ilion. The objection was overruled, and an exception taken by the defendant. The plaintiff had a verdict and judgment. Upon appeal,

the judgment was reversed by the Supreme Court, at general term, in the fifth district, and the plaintiff appealed to this court.

The charter of the village of Ilion (ch. 127 of 1854, §§ 7, 8) provides for the election of a police justice, who "shall, in said village, possess all the jurisdiction, power and authority, and be subject to the same requirements and duties, in all respects, as is or may by law be vested in or required from justices of the peace of the town of German Flats."

The cause was submitted on printed arguments.

*S. Earl,* for the appellant.

*M. H. Throop,* for the respondent.

COMSTOCK, Ch. J.    The act chartering the village of Ilion creates a police justice, and gives to him, within the village, the jurisdiction of a justice of the peace of the town of German Flats. (Laws of 1854, ch. 127.) The cause of action upon which this suit was brought, arose in another town within the county of Herkimer; but it was of a transitory nature in justices' courts, and could be tried before any justice of the peace, provided the parties were regularly before him. (Code, § 53, sub. 2; 2 R. S., 225, § 2, sub. 2; *Graves* v. *McKeon,* 2 Denio, 639.) For the same reason, and under the same condition, the police justice of Ilion could take cognizance of the case.   He could not hold his court, and probably could not send his summons, without the corporate limits of the village.   But the parties could voluntarily appear before him and join issue in any controversy arising elsewhere, but not local in its character, provided the matter were such that a justice of the peace could try it.   So, if the parties resided or came within the village, he could regularly issue his summons at the suit of either against the other, and thus acquire jurisdiction of such a controversy. It is to be assumed that the procedure in this case was according to one or the other of these modes, because nothing to the contrary appears.   The record shows that the defendant an-

swered the complaint, and it does not disclose that he made any objection to the jurisdiction of his person. Indeed, by tendering an issue upon the title to the lands on which the alleged trespass was committed, he waived all objections of that nature. (2 Hill, 657; 5 id., 264, 271.)

It is claimed, however, that the Constitution does not permit such an office to be created with such a jurisdiction. But the question was, in effect, determined otherwise in the case of *Sill* v. *The Village of Corning* (15 N. Y., 297). It was there held that the legislature can constitutionally provide for the election of local magistrates in the villages of the State. I dissented from that decision; but I have since become entirely satisfied that it was right. What, then, is to be the jurisdiction of such magistrates? No doubt it must be local and inferior; but, beyond that, we shall look in vain for any constitutional restraint upon the legislative power over the subject.

It is urged that the charter of the village of Ilion attempts to create an additional justice of the peace for the town of German Flats, to be chosen by only a portion of the electors of that town. If this were true, the statute would doubtless be unconstitutional. (Const., art. VI, § 17.) But such, we think, was not the intention, nor is it the result, of the enactment in question. The difference between the office of police justice, as constituted by this statute, and that of a justice of the peace, is sufficiently marked by the absence, in the former, of a variety of powers and duties which appertain to the latter, and still more by the territorial restriction which confines the jurisdiction of the police magistrate to the limits of the village.

The judgment of the Supreme Court must be reversed, and that of the County Court affirmed.

All the judges concurring,

Ordered accordingly.