Waters *v.* Langdon.

## WATERS *vs.* LANGDON.

The act of the legislature to amend an act entitled " An act to revise, amend
and consolidate the several acts relating to the village of Whitesborough,"
(*Laws of* 1859, *ch.* 10,) so far as it provides for the election of a police jus-
tice by the electors of the village of Whitesborough, and clothes him with
the same jurisdiction as a justice of the peace of the town of Whitestown,
is unconstitutional.

The case of *Brandon* v. *Avery,* (22 *N. Y. Rep.* 469,) commented on, and distin-
guished from this case.   *Per* MORGAN, J.

APPEAL from a judgment of the county court of Oneida
county affirming a judgment of the police justice of the
village of Whitesborough.   The cause was tried before the
police justice of the village of Whitesborough, an officer cre-
ated by an act passed February 12th, 1859, entitled "An
act to revise, amend and consolidate the several acts relating
to the village of Whitesborough."   (*Laws of* 1859, *p.* 13.)
The only sections bearing upon the subject are as follows:

Waters *v.* Langdon.

Title 2d, § 2. "There shall be elected hereafter by ballot, within and for said village, by the electors residing therein, the following officers: A president of said village, five trustees, a police justice, a collector, a treasurer and a clerk. The persons so elected shall be inhabitants and electors of said village."

Section 3. "The annual election for village officers shall be held on the first Tuesday in April, in each year, at two o'clock in the afternoon, at such place within said village as the trustees shall appoint; and the polls of such election shall remain open until four o'clock of the same day," &c.

Title 8, sec. 43. "The police justice shall have the same power and jurisdiction and be subject to the same duties and liabilities as justices of the peace in the town of Whitestown, and his judgments and proceedings may be reviewed in the same manner as is or may be provided in cases of judgments and proceedings of justices of the peace."

Sec. 44. "Such police justice shall keep an office within said village, and hear all complaints, hold courts and courts of special sessions, and conduct all other criminal business that may by law be done by a justice of the peace."

*F. Kernan,* for the appellant, insisted that the police justice had no jurisdiction in this action. The constitution provides for the election of justices and prescribes the manner of their election. "The electors of the several towns shall at their annual town meetings, and in such manner as the legislature may direct, elect justices of the peace, whose term of office shall be four years." (*Constitution, Art.* 6, § 17.) Can the legislature, in the place of this plain provision, authorize the election of justices for the term of one year, or for any different term than that prescribed by the constitution? Certainly not. Yet this police justice was not elected by the inhabitants of Whitestown for the term of four years, but by a small portion thereof, and for the term of one year. It is clearly an attempt to create an additional justice for the town

of Whitestown, to be chosen by only a portion of the electors of that town. Judge Comstock, in delivering the opinion of the court of appeals, in the case of *Brandon* v. *Avery*, (8 *Smith*, 471,) says, "If this was true the statute would doubtless be unconstitutional." It is true that he is not called a justice of the peace of the town of Whitestown, but he is vested with the same powers and jurisdiction, and it is just as much an evasion of the constitutional power as though he had been so styled. The case in hand differs from the case in 8 *Smith*, in this : In that case the police justice's jurisdiction was local. His jurisdiction was confined to the limits of the village of Illion. In this, the jurisdiction was not local. He had by this statute the same power and jurisdiction as a justice of the peace in the town of Whitestown. It will be difficult to discover a distinction between the case at bar and the case referred to by Judge Comstock, in delivering the opinion of the court in 8 *Smith*, in which he holds this language : "It is urged that the charter of the village of Illion attempts to create an additional justice of the peace for the town of German Flats, to be chosen by only a portion of the electors of that town. If this was true the statute would doubtless be unconstitutional." (*Const. Art.* 6, § 17.)

*Wm. O. Merrill,* for the respondent. I. The act, (*Sess. L. of* 1859, *ch.* 10, *p.* 30, § 43,) creating the office of police justice of the village of Whitesborough is constitutional. (*See also,* § 2 *of the charter ; Sill* v. *The Village of Corning,* 15 *N. Y. Rep.* 297 ; *Heidenheimer* v. *Wilson,* 31 *Barb.* 636, 640 ; *Brandon* v. *Avery,* 22 *N. Y. Rep.* 469.)

II. The act confers upon the police justice, within the village, the same power and jurisdiction, and subjects him to the same duties and liabilities, as justices of the peace in the town of Whitestown. This most clearly confers upon him civil jurisdiction, and jurisdiction over the subject matter of this action. The Illion charter, out of which the question arose in the case of *Brandon* v. *Avery,* conferred the jurisdiction

upon the police justice of that village, in substantially the same language as is used in the charter in question. (*Sess. L.* 1854, *p.* 311, § 8.) There was no evidence that the defendant was not a resident of, or actually within the village when the summons was served. (22 *N. Y. Rep.* 469.)

*By the Court*, MORGAN, J. This action was tried before a police justice of the village of Whitesborough. It is objected that the act creating this officer and defining his powers and jurisdiction is unconstitutional. (*Chap.* 10, §§ 2, 3, 43, 44, *Laws of* 1859.) That act, (§ 43,) declares that " the police justice shall have the same powers and jurisdiction, and be subject to the same duties and liabilities as justices of the peace in the town of Whitestown, and his judgments and proceedings may be reviewed in the same manner as is or may be provided in cases of judgments and proceedings of justices of the peace."

It was held in *Sill* v. *The Village of Corning*, (15 *N. Y. Rep.* 297,) and in *Brandon* v. *Avery*, (22 *id.* 469,) that a police justice elected by the electors of an incorporated village may, by authority of the legislature, exercise jurisdiction in civil actions within the territorial limits of the village. In the latter case the charter was examined, and it was found to contain a provision that the police justice of the village of Illion shall *in said village* possess all the jurisdiction, power and authority, and be subject to the same requirements and duties in all respects, as is or may by law be vested in or required from justices of the peace of the town of German Flats. Comstock, Ch. J. in delivering the opinion of the court, observed : "The difference between the office of police justice, as constituted by this statute, and that of a justice of the peace, is sufficiently marked by the absence in the former of a variety of powers and duties which appertain to the latter, and still more by the *territorial restriction* which confines the jurisdiction of the police magistrate to the limits of the village." It is admitted that justices of the peace cannot be

elected by the electors of incorporated villages, but must be elected by the electors of the several towns at their annual town meetings, whose terms of office shall be four years. (*Const. Art.* 6, § 17.) But officers of local and inferior jurisdiction may be elected by the electors of the village. (*Brandon* v. *Avery, supra.*) Under this construction of the fundamental law, the only question of importance is, whether the police justice created by the act in question, is a justice of the peace of the town of Whitestown.

Has he the same territorial jurisdiction? It is provided by the act in question, (§ 43,) that he shall have the same power and jurisdiction, and be subject to the same duties and liabilities, as justices of the peace of the town of Whitestown, and that his judgments may be reviewed in the same manner, &c. The words are, that he shall have the *same jurisdiction* as a justice of the peace of the town of Whitestown. Unless these words are restricted by some other provision, the natural, and I think the necessary effect is, to constitute him a justice of the peace of the town of Whitestown. The same act gives him some *additional powers,* but I have looked in vain for any limitation of his general jurisdiction, to exercise all the powers and authority of a justice of the peace in civil and criminal cases. The forty-fourth section of this act prescribes that "he shall keep *an office* within said village, hear all complaints, hold courts and courts of special sessions, and conduct all other criminal business that may by law be done by a justice of the peace." This is not an express denial of his right to hold courts elsewhere, but it makes it his duty to keep an office and hold courts in the village. It is not equivalent to a declaration that he shall hold *his office* in said village. Nor is it the restricted language used in the charter of the village of Illion, (*ch.* 127 *of Laws of* 1854, §§ 7, 8,) where the police justice was authorized "in said village" to exercise the jurisdiction of a justice of the peace of the town of German Flats. I confess I do not appreciate the observation of the learned judge, in *Brandon* v. *Avery,* that there is a difference

Waters *v.* Langdon.

between such an officer and a justice of the peace of the town of German Flats, marked by a "variety of powers and duties which appertain" to the two offices.    The only distinction of moment between the charter under review in *Brandon* v. *Avery*, and the charter of the village of Whitesborough, is that arising out of the difference in language as to the place where the police magistrate is to hold his courts and exercise his jurisdiction.    And I am unable to appreciate the difference in the jurisdiction of a magistrate in civil cases, whether he holds his courts in one place or in another place in the same county.    If he can exercise the same jurisdiction as a justice of the peace of the town in which the village is located, the result is the same as though he was named and voted for by the electors of the village as one of the justices of the town. It was assumed in *Brandon* v. *Avery* that the police justice of the village of Illion "could not hold his court, and probably could not send his summons without the corporate limits of the village."    The locality of his court is, however, a matter of but little consequence in defining his jurisdiction; but the fact that he could not send his summons out of the corporate limits necessarily restricted his jurisdiction below that of a justice of the peace of the town of German Flats, and made him an inferior officer, within the principle of the decision in *Sill* v. *The Village of Corning*, (15 *N. Y. Rep.* 297.)    If, therefore, it can be assumed, or fairly inferred, that the police justice of the village of Whitesborough cannot, under this act, exercise the same jurisdiction as a justice of the peace of the town of Whitestown, in civil cases; if he could not send his summons beyond the territorial limits of the village, then I think we must hold that the act creating such officer is within the constitutional power of the legislature.    But I have looked in vain through this act to find any such limitation upon his authority.    Nor do I think the act would be constitutional if the justice was required to hold all his courts in the territorial limits of the village.    So long as he is made equal in jurisdiction to a justice of the peace of the town, in

civil and criminal cases, it is not the province of the court to undertake to limit his jurisdiction for the sake of saving it. This act says in broad and plain language that the police justice shall have the same powers and jurisdiction as a justice of the peace of the town of Whitestown. This makes him *de jure* a justice of the peace of the town of Whitestown. Calling him a police justice does not restrict his jurisdiction. Locating his courts at the village does not restrict his jurisdiction. The legislature might require justices of the peace to hold their courts in a particular place, without impairing their jurisdiction. Their process would reach just as far as though they held their courts in another place in the same county, of their own selection. I confess I am not entirely satisfied with the decision of the court of appeals, in *Brandon* v. *Avery*, for I fail to see upon what theory it could be fairly assumed in that case that the police justice was restricted from sending his summons beyond the territorial limits of the village. The language of the charter seems to have allowed him to exercise all the franchises of a justice of the peace of the town of German Flats, within the corporate limits of the village of Illion. He could not exercise them outside, by the very language of the statute, and therein he differed from the other justices of the peace of the same county. This language was held to restrict him from sending his summons out of the village; and doubtless the language will bear such an interpretation. I think, therefore, that case does not control this. Regarding the police justice in this case as clothed with all the authority and jurisdiction of a justice of the peace of the town of Whitestown, without restriction upon his jurisdiction to issue any process which a justice of the peace of the same town might issue, and to hold courts in all respects in the same manner and with the same jurisdiction as a justice of the peace of the town of Whitestown, I think the act in question, so far as it creates such an officer, a clear violation of the constitution. For this reason I think

the judgment of the county court and that of the justice should be reversed.

ALLEN, J. The defendant cannot now object that the justice did not acquire jurisdiction of his person, or of the cause of action, by the service of process in a proper manner, or by reason of the non-residence of the defendant within the limits of the village of Whitesborough, if such residence was necessary to the jurisdiction. By not pleading in abatement to the jurisdiction the objection was waived. But this remark does not apply to an inherent defect in the jurisdiction of the justice. If he had not by law jurisdiction of the subject matter, or authority to hear and try civil actions, the consent of the parties could not confer jurisdiction, and his judgments are void; and the objection may be taken in any stage of the action, or upon any appeal from the judgment.

The justice was chosen by the electors of the village of Whitesborough, under the provisions of the charter of that village requiring a "police justice" to be elected annually, within the village. (*Laws of* 1859, *p.* 14, §§ 2, 3.) By the same charter the powers and jurisdiction of the justice so elected are declared to be the same as those of justices of the peace in the town of Whitestown, and his judgments and proceedings are to be reviewed in the same manner as in cases of judgments and proceedings of justices of the peace. And he is required to keep an office within the village and hear all complaints, hold courts and courts of special sessions, and conduct all other criminal business that may by law be done by a justice of the peace. (*Id. p.* 30, §§ 43, 44.) The police justice chosen by the electors of the village of Whitesborough is thus made a justice of the peace of the town of Whitestown, and exercises all his powers in the trial of civil actions as such justice, and under the authority thus conferred. This is in direct contravention of § 17 of article 6 of the constitution of this state, which directs that justices of the peace shall be chosen by the electors of the several towns, and shall hold

their offices for four years, and is directly within the remark of Judge Comstock in *Brandon* v. *Avery,* (22 *N. Y. Rep.* 469,) to the effect that an attempt, under color of a village election, to create an additional justice of the peace for the town of which the village is a part, would be unconstitutional. The case of *Brandon* v. *Avery* was decided, and the jurisdiction of the police justice of Illion was sustained upon the ground that the powers and duties of the justice were by the act creating the office restricted and limited by the territorial limits of the village. (*Laws of* 1854, *p.* 311, § 8.) Thus defined and limited, the jurisdiction was held to be local and inferior, so as to bring the case within that of *Sill* v. *Village of Corning,* (15 *N. Y. Rep.* 297.) The court there created and sustained was a local court for the disposal of actions within the village of Corning, and in which that village had an interest. The jurisdiction of the police justice of Whitesborough is in a sense local or inferior, within the terms of the act creating the office, except as a court of justice of the peace as created by the constitution in the several towns of the state is local and inferior. The jurisdiction of the two tribunals cannot be distinguished, and therefore the magistrate can only be chosen in the manner, for the term and by the electors named in the constitution.

The judgments of the county court and of the justice must be reversed.

MULLIN, J. and BACON, J. concurred.

Judgment reversed.

[ONONDAGA GENERAL TERM, April 7, 1863. *Allen. Mullin, Morgan* and *Bacon,* Justices.]