51b 459!
12ap 63

SARAH DAWSON, administratrix, &c. *vs.* PATRICK HORAN and others.

The charter of the city of Rochester, which creates three justices of the peace in said city, to be elected by the legal voters of the city, and provides that in exercising civil jurisdiction, they shall be deemed justices of the peace of the county of Monroe, and that the general laws relating to proceedings before justices of the peace of the several towns in the state, shall be applicable to proceedings before them, does not violate the provisions of section 17 of the 6th article of the constitution of this state, respecting the mode of electing justices of the peace.

Those provisions relate only to justices of the peace of towns; and the 14th section expressly empowers the legislature to establish, in cities, inferior local courts of civil and criminal jurisdiction, and the enactment of the charter is a valid exercise of such power.

The provision of the charter which makes applicable to proceedings before the city justices, all the general laws of the state relating to proceedings before the justices of the several towns, is sufficiently comprehensive to embrace subsequent as well as prior enactments.

The law extending the jurisdiction of justices, in actions on contract, to $200, (*Laws of* 1861, *ch.* 158,) having been passed on the same day as the charter of the city, it is to be presumed that, in enacting it, the legislature had in view the provision of the charter above referred to. The effect of the two enactments, read together, (as they should be,) is to extend the jurisdiction of the justices of the peace of the city of Rochester.

The act of 1861, extending the jurisdiction of justices of the peace is not void as being in violation of the provisions of the constitution respecting the right of trial by jury. (*Const. art.* 1, § 2.)

---
Dawson *v.* Horan.
---

There is nothing in the constitution which prohibits the legislature from enlarging the jurisdiction of justices' courts in the mode contemplated by that act. Such increase of jurisdiction is not obnoxious to the constitutional provision referred to, by reason of the circumstance that it transfers a class of cases from courts of record where juries are composed of twelve men, to justices' courts in which they consist of six. The right of trial by jury remains unimpaired, in each court.

APPEAL by the defendants from a judgment of the Monroe county court. The action was commenced before W. R. Carpenter, Esq. a justice of the peace of the city of Rochester, and was brought to recover wages for labor by the plaintiff, as foreman on Front street improvement, in 1861, alleged to be due the plaintiff from the defendant Horan, and charging the other defendants as also liable in said action, for that they were sureties with said Horan on a laborers' bond, given in pursuance of the provisions of the Rochester city charter. The defendants denied indebtedness; the execution of a laborers' bond by them, or either of them; averred settlement, payment, set off, and that the hiring was for $50 per month. No objection was made to the jurisdiction, and a judgment was rendered by the justice in favor of the plaintiff, against the defendants, for $204, damages and costs. The defendants appealed to the county court. On the trial in that court, the defendants at the close of the plaintiffs' evidence, and again at the close of the testimony on both sides, moved for a nonsuit, on the following grounds.

"1st. The case arose in a justice court, and the amount of the accounts between the parties was over $400, and therefore, the justice had no jurisdiction to try the cause, and the complaint should be dismissed.

2d. The justice who tried the cause, was a justice of the peace of the city of Rochester, and not of a town, and the act creating his office is unconstitutional and void, because the measure of his jurisdiction is the same as that of justices of the towns.

Dawson *v.* Horan.

3d. Again, the justice had no jurisdiction beyond $100 and his judgment in this action was void.

4th. The act enlarging the jurisdiction of a justice of the peace to $200, is unconstitutional and void, and the judgment appealed from is void, and the whole should be dismissed.

5th. There is no legal evidence to submit to the jury, that a laborers' bond was executed.

6th. There is no evidence of any such instrument as a laborers' bond, nor of the loss thereof.

7th. If there was evidence to go to the jury, on the execution of the bond, no legal bond was proven, as no seals were shown to be attached, and an instrument under seal is required."

The motion for a nonsuit was denied, and the defendants excepted.

It was conceded on the trial that William R. Carpenter, the justice before whom the cause was tried, was a justice of the peace of the city of Rochester, which office was created by the city charter, and that Carpenter was elected under the charter.

The jury found a verdict in favor of the plaintiff, for $150, and judgment was entered affirming the judgment of the justice, as to that amount, with costs.

*Bowen & Pitts*, for the appellants. I. The accounts between the plaintiff and Horan amounted to over $400, and therefore the justice had no jurisdiction to try the same, and his judgment was void, and the county court erred in refusing a nonsuit on that ground. There had never been a settlement between the parties, and their accounts were unliquidated. (*See Abernathy* v. *Abernathy*, 2 *Cowen*, 413. *Code*, § 54, *subd.* 4.)

II. This action was an appeal from a judgment rendered by W. R. Carpenter, a justice of the peace of Rochester, elected under the provisions of the charter of said city.

The provisions of law creating and defining the jurisdiction of such office, are found in sections 7 and 253 of chapter 262 of Laws of 1850, and section 237 of chapter 143 of Laws of 1861. The intention of the above provisions was to create three justices of the peace for Rochester, the same in all respects, except as to the manner of election, as are provided for the several towns of the state, and clothe them with the same territorial jurisdiction, &c. Such being the case, the above provisions are obnoxious to the constitution and void; justices of the peace are to be elected by the electors of the towns, (*Const. art.* 6, § 17,) and can be elected in no other way; therefore, the above provisions are void, and the justice had no authority to try this cause and render judgment therein. (*Brandon* v. *Avery*, 22 *N. Y. Rep.* 469. *Waters* v. *Langdon*, 40 *Barb.* 408.) In no case could the said justice entertain jurisdiction beyond the sum of $100. The enlarging of the jurisdiction of justices of the peace, related to such as are elected pursuant to section 17, of article 6, of the constitution. (*See Code*, § 53; *Yager* v. *Hannah*, 6 *Hill,* 631; *Bryan* v. *Cain*, 1 *Denio*, 507.)

III. The amendment of section 53 of the Code, in 1861, extending the jurisdiction of justices of the peace, to the sum of $200, is unconstitutional and void; therefore it follows that if the law creating the office of justices of the peace in the city of Rochester is constitutional, and the amendments of section 53 of the Code apply to the justices of the peace of the city of Rochester, yet as those amendments are unconstitutional, the justice acted wholly without jurisdiction and his judgment is void. Section 2, of article 1, of the constitution, provides that the right of trial by jury shall remain forever inviolate, &c. The jury contemplated by the said section, is a common law jury of twelve men. (*Wynehamer* v. *The People*, 3 *Kern.* 378, 427, 458, 484.) The word "heretofore," as used in said section, means before 1846. (*See Wynehamer* v. *The People*,

*supra.*) Before and up to 1846, courts of justices of the peace had jurisdiction in certain cases in an amount not exceeding $100. (*See Sess. Laws of* 1840, *ch.* 317, *p.* 265.) This section of the constitution relates only to the trial of issues of fact in civil and criminal actions in courts of justice. (*Beekman* v. *Saratoga and S. R. R. Co.*, 3 *Paige*, 45. *Livingston* v. *The Mayor of N. Y.* 8 *Wend.* 85. *Matter of Smith*, 10 *id.* 449.) In all legal actions involving a greater sum than $100, the parties were entitled to have the same tried by a common law jury, at the time of the adoption of the constitution of 1846. (*See Const. of* 1822, *art.* 5; *also* § 7 *of art.* 4, *and* § 7 *of art.* 7; *see chaps.* 1 *and* 2 *of part* 3 *of the R. S.*; *and* § 1 *of art.* 1 *of ch.* 3 *of part* 3 *of the R. S.*) Thus it is plain that the amendments of section 53 of the Code in 1861, take away a right secured by the constitution and are therefore void.

[Other points, not considered by the court, are omitted.]

*J. Van Voorhis*, for the respondent. I. The point that the justice was ousted of jurisdiction because the accounts between the parties amounted to over $400, is not valid. 1. The plaintiff's work came to $843.78 altogether. This had been reduced by payments to $204.10. The amount of payments being $639.68. All the accounts were work on one side and pay on the other. 2. There was no dispute about the payments. The only dispute was about wages. Payments are not accounts, but extinguish the debt *pro tanto*. (*Matteson* v. *Bloomfield*, 10 *Wend.* 556, 557. *Lamore* v. *Carylu*, 4 *Denio*, 370. *Crim* v. *Cronkhite*, 15 *How. Pr.* 250; 2 *Cowen*, 118; 1 *E. D. Smith*, 578.) That the plaintiff collected and disbursed some moneys for Horan, cannot bring him within the rule contended for; certainly not when it is shown by the defendant himself that Horan's account agrees with the plaintiff's except the plaintiff credits Horan with $4 or $5 more than Horan's own

book-keeper does. The amount in dispute was simply $204.10.

II. The second, third and fourth grounds of nonsuit, go to the jurisdiction of the justice. 1. That justices' courts exist in the city of Rochester, and have the same jurisdiction as the same courts in any other place in the state is too clear to admit of serious argument. Section 53 of the Code provides what their jurisdiction is, and clearly relates to all justices' courts, and the amount over which they have jurisdiction is the same. 2. But the defendants are not in a position to raise the question. It was not raised in the court below nor by the notice of appeal. (15 *How.* 32. 16 *id.* 471. 17 *id.* 255.) This is the settled law of this district.

[Other points omitted.]

*By the Court,* JAMES C. SMITH, J. After an attentive examination of the numerous points taken by the appellant's counsel, I am unable to discover any substantial error in this case.

The charter of the city of Rochester creates three justices of the peace in said city, to be elected by the legal voters of the city, and provides that in exercising civil jurisdiction they shall be deemed justices of the peace of the county of Monroe, and that the general laws relating to proceedings before justices of the peace of the several towns in the state shall be applicable to proceedings before them. (*Laws of* 1850, *ch.* 262, §§ 7, 253 ; *Id.* 1861, *ch.* 143, § 237.) This, it is claimed, violates the provisions of section 17 of the 6th article of the constitution of this state, respecting the mode of electing justices of the peace. But those provisions relate only to justices of the peace of towns. The fourteenth section expressly empowers the legislature to establish, in cities, inferior local courts of civil and criminal jurisdiction, and it is not perceived why the

legislation in question is not a valid exercise of such power.

The cases of *Brandon* v. *Avery*, (22 *N. Y. Rep.* 469,) and *Water* v. *Langdon*, (40 *Barb.* 408,) are cited by the appellant's counsel, but they do not sustain his position. It was held in the latter case, and remarked in the former, that the legislature cannot provide for the election of a police justice by the electors of an incorporated village situated within, and being but a part of, one of the towns of the state, and clothe him with the same jurisdiction as a justice of the peace of the town. Such a provision would clearly violate the seventeenth section, which confers the power of electing justices of the peace in towns, upon all the electors in each town. But the charter of the city of Rochester has no such effect, and there is nothing in the cases cited to show that it is unconstitutional.

The provision of the charter which makes applicable to proceedings before the city justices, all the general laws of the state relating to proceedings before the justices of the several towns, is sufficiently comprehensive to embrace subsequent as well as prior enactments. The law extending the jurisdiction of justices in actions on contract, to $200, (*Laws of* 1861, *ch.* 158,) was passed on the same day as the charter of the city, and it is to be presumed that, in enacting it, the legislature had in view the provision of the charter above referred to. The effect of the two enactments, read together, as they should be, is to extend the jurisdiction of the justices of the peace of the city of Rochester.

Next, it is claimed, that the act extending the jurisdiction of justices of the peace, is itself void, for the reason that it violates the provisions of the constitution respecting the right of trial by jury. (*Art.* 1, § 2.) There is nothing in the constitution which prohibits the legislature from enlarging the jurisdiction of justices' courts in the

mode contemplated by the act. Such increase of juris-diction is not obnoxious to the constitutional provision referred to, by reason of the circumstance that it transfers a class of cases from courts of record where juries are composed of twelve men, to justices' courts in which they consist of six. The right of trial by jury, remains unim-paired in such court. The constitution of 1821 contained a similar provision, (*art.* 7, § 2,) but the validity of the act of 1840, (*ch.* 317,) which extended the jurisdiction of justices' courts from $50 to $100, was never questioned.

There is no other point in the case which requires comment.

The judgment should be affirmed.

Judgment affirmed.

[Monroe General Term, June 1, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]