PEOPLE *ex rel.* CREEGAN V. DUTCHER.

*Constitutional law — Constitution, article 6, section 19 — inferior and local courts — Statutory construction — Laws 1873, chapter 370.*

By Laws 1873, chapter 370, it is provided, that there shall be a police justice of the village of Port Jervis, who shall be appointed by the board of trustees of said village, and " shall, in said village, possess all the jurisdiction, powers and authority, * * * vested in * * * justices of the peace of the town of Deerpark, * * * and he shall have jurisdiction to hear and determine all cases arising under the charter, by-laws, or ordinances of said village." *Held* (following *Brandon* v. *Avery*, 22 N. Y. 469), (1) that the office was inferior and local within article 6, section 19 of the State Constitution, and the legislature had the power to create the same and make it either elective or appointive, and  (2) that the jurisdiction of the officer was sufficiently defined in the act named.

CERTIORARI to review a judgment against the relator, Cormick Creegan, for the violation of a village ordinance of the village of Port Jervis, rendered by Henry Dutcher, police justice of said village.

By section 2 of chapter 370 of the Laws of 1873, which is entitled

"An act to revise and amend an act entitled 'An act to incorporate the village of Port Jervis,' passed March 30, 1866, and all acts relating thereto," it is provided, that "The officers of the village shall consist of a president and six trustees, a treasurer, three assessors, a collector, a clerk, a police justice."

By section 3 it is provided, that "The president and trustees, the treasurer, assessors and collector shall be elected by ballot in the manner hereinafter specified. All the other officers named in the preceding section shall be appointed by the board of trustees," etc.

By section 40 it is provided, that "The police justice shall, in said village, possess all the jurisdiction, powers and authority, be subject to the same requirements, duties and liabilities within said village in all respects as are or may be by law vested in or required of the justices of the peace in the town of Deerpark, and he shall have jurisdiction to hear and determine all cases arising under the charter, by-laws or ordinances of said village."

An action was brought in the name of the village before said police justice against the relator, for the violation of an ordinance of the village, against immoderately driving through the village streets, to recover the penalty provided by such ordinance. The action was tried and judgment was rendered, by the justice, against relator for $15, the amount of the penalty, and $5.30 costs. Execution was issued upon such judgment and the amount named collected, and the relator instituted this proceeding to review such judgment and the proceedings antecedent thereto.

*George A. Clement, Jr.*, for relator.

*T. J. Lyon* and *L. E. Carr*, for respondent.

BARNARD, P. J.   The case of *Brandon* v. *Avery*, 22 N. Y. 469, is a conclusive authority in favor of the power of the legislature to create the office of police justice, in the village of Port Jervis, and that his jurisdiction is sufficiently defined in the act creating the office. Laws of 1873, chap. 370, § 40. It is an inferior and local court; and under article 6, section 19, of the constitution, he could be elected or appointed at such times and in such manner as the legislature should direct. Upon the merits we discover no error.

The act creating the office held by the defendant, gave him jurisdiction in actions arising under the ordinances of the village.

Power is given by the charter for the trustees to prevent fast driving in the village.

The complaint in this action was for driving immoderately through the streets of the village, in violation of section 16 of the ordinances of the village, passed August 27, 1866, by which an action has accrued for a penalty of $15.

The ordinance is not returned; but the return shows that it was received in evidence, and was not disputed. If the relator seeks to reverse the judgment for any defect of the ordinance, he should have procured its return. Under the present return we must assume its sufficiency. The evidence as to the driving was conflicting, but under the rules applicable to such case, an appellate court must accept the finding of the court below.

The judgment is affirmed, with costs.

*Judgment affirmed.*