THOMAS H. GERATY AND JOHN N. KEIN, APPELLANTS, v. PHILIP H. REID, RESPONDENT.

*Justice of the peace in Brooklyn — jurisdiction of.*

By section 35 of chapter 125 of 1849, conferring the same jurisdiction upon justices of the peace in the city of Brooklyn, *in said city*, as justices of towns have by law *in respect to the towns*, the legislature intended to restrict the territorial jurisdiction of the justices to the city itself.

APPEAL from a judgment of the County Court of Kings county, reversing a judgment of a justice of the peace in favor of the plaintiff.

The only question presented by this appeal was as to the power of a justice of the peace of the city of Brooklyn to issue and cause a summons to be served on the defendant in this action, in the town of New Lots, in Kings county.

*John F. Baker*, for the appellants.

*Philip S. Crooke*, for the respondent.

GILBERT, J. :

Under the Constitution, as amended in 1869, justices of the peace in cities may be invested with such powers as shall be prescribed

by law. (Art. 6, § 18.) This is a new provision, and enlarges the power of the legislature. The case of *Brandon* v. *Avery* (22 N. Y., 469), therefore, is not now an authority on this point.

The powers of a justice of the peace in the city of Brooklyn are derived from the act of 1849, to establish courts therein (chap. 125, § 35). That act confers the same jurisdiction *in said city*, that justices of towns have by law *in respect to the towns*. We think the fair import of the act is to restrict the jurisdiction of justices of the peace territorially, to the city exclusively; otherwise no appropriate meaning can be given to the phrases "in said city," and "in respect to the towns," used in the act. If the legislature had intended to confer precisely the same jurisdiction as was possessed by justices of the peace in towns, they would have omitted those phrases and simply granted the same jurisdiction as had been granted by law to such justices. When the act of 1849 was passed, the legislature had no power to confer any jurisdiction upon a justice of the peace that was not strictly local. (*Brandon* v. *Avery, supra*.) It must be presumed, therefore, that the legislature intended to keep within the power then possessed by that body, and the language employed must be construed accordingly. We think, therefore, that the justice of the peace in this case acquired no jurisdiction by means of the service of the summons upon the defendant in the town of New Lots.

The judgment must be affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.