THE PEOPLE OF THE STATE OF NEW YORK ex rel. HIRAM SINKLER, RESPONDENT, v. IRVING C. TERRY, SUPERINTENDENT OF THE ONONDAGA COUNTY PENITENTIARY AT SYRACUSE, NEW YORK, APPELLANT.

*Constitution — the legislature cannot provide for the election of a justice of the peace for a village — Constitution, art. 6, sec. 18 — there can be no de facto officer unless there be an actual existing office.*

The charter of the village of Canton, provides for the election of "one justice of the peace," by ballot, at the annual meeting held in said village for the election of officers, and confers upon him "the usual powers of justices of the peace of towns in relation to crimes and misdemeanors, and to oaths and acknowledg-

ments, and also in civil actions in which all the parties shall be residents or inhabitants of said village."

*Held,* that the statute was unconstitutional, as it violated the provisions of section 18 of article 6 of the Constitution.

That the acts of a person claiming to hold the office of justice of the peace of said village, by virtue of an election at the annual meeting held for the election of village officers, would not be regarded as valid, as the acts of a *de facto* justice, for the reason that there was no such office as justice of the peace for the village of Canton, and that, in order that there may be an officer *de facto,* there must actually exist the office into which he can intrude.

*It seems,* that if the designation of the officer had been police justice instead of justice the act might have been sustained, under the provisions of section 19 of article 6 of the Constitution, providing that "inferior local courts of civil and criminal jurisdiction may be established by the legislature," upon the implied construction that his civil and criminal jurisdiction was limited to the village, and thus local and within the express power conferred by this section of the Constitution. (Per LANDON, J.)

APPEAL by the people of the State of New York from an order made by Justice Tappan July 12, 1886, and entered in St. Lawrence county, discharging the relator from imprisonment.

Henry E. Seaver, who claims to be a justice of the peace, convicted the relator, Hiram Sinkler, of the crime of assault in the third degree, and sentenced him to the Onondaga County Penitentiary for the term of four months. After the relator had been confined in the penitentiary for the period of three months, his mother, in his behalf, procured a writ of *habeas corpus,* requiring the superintendent of the penitentiary to produce the relator before Justice Tappan, on the 10th of July, 1886, that the cause of his detention might be inquired into.

It appeared that at the annual charter election in the village of Canton, on the 12th of January, 1886, Mr. Seaver received no votes for the office of " justice of the peace," but did receive 162 votes for " police justice." The clerk of the village filed with the county clerk a certificate of Mr. Seaver's election as " justice of the peace." Mr. Seaver gave a bond as justice of the peace, which bond was approved by the supervisor of the town of Canton.

The act which created the office of justice of the peace of the village of Canton is section 2 of chapter 70 of 1859, as amended by chapter 263 of 1870, which reads as follows : " The officers of said village shall be five trustees, one of whom shall be designated

and elected president; * * * one justice of the peace, with powers hereinafter mentioned. * * * The trustees, assessors, justice of the peace, treasurer, clerk, collector and constable shall be elected by ballot at the annual meeting in said village for the election of officers, and shall hold their respective offices until the next annual meeting and until their successors are elected and duly qualified. * * * The said justice of the peace shall have the usual powers of justices of the peace of towns, in relation to crimes and misdemeanors, and to oaths and acknowledgments, and also in civil actions, in which all the parties shall be residents or inhabitants of said village."

*John C. Keeler*, for the relator.

*Ledyard P. Hale*, for the appellant.

LANDON, J.:

If there is such an office as justice of the peace for the village of Canton, then Mr. Seaver, notwithstanding the fact that his election was attended with such irregularities as would probably be fatal to his title, if the people should, by an action in the nature of a *quo warranto*, require him to defend it, had, under some color of legal title, assumed the office and discharged its duties, and was, therefore, a justice of the peace *de facto*, and his official acts would, upon grounds of public policy, be regarded as valid, so far as the rights of third persons are concerned. ( *Wilcox* v. *Smith*, 5 Wend., 231; *People* v. *White*, 24 id., 520; *Re Wakker*, 3 Barb., 162; *People* v. *Cook*, 8 N. Y., 67; *People ex rel. Bush* v. *Thornton*, 25 Hun, 456; *Morrison* v. *Sayre*, 40 id., 465.)

But in order that there may be an officer *de facto*, there must actually exist the office into which he can intrude. The unauthorized person must occupy an actually existing seat of authority, otherwise he would, by his assumption, create an additional office and exercise its functions.

The village of Canton, it was conceded upon the argument, formed part of the town of Canton. We may presume that the town of Canton has all the justices of the peace to which it is entitled. Section 18 of article 6 of the Constitution provides that " The electors of the several towns shall, at their annual town meet-

ing, and in such manner as the legislature may direct, elect justices of the peace, whose term of office shall be four years." Mr. Seaver, in order to have any color of claim to the office of justice of the peace for the town of Canton, must have sought to enter into it when the entrance was open. But no such claim is made in his behalf. He claims an election by the electors of the village of Canton.

The charter of the village (Laws 1859, chap. 70, § 2, amended by Laws 1870, chap. 263, § 2) authorizes the election of one justice of the peace for said village. The section of the Constitution cited also provides "that justices of the peace and district court justices shall be elected in the different cities of this State in such manner, and with such powers, and for such terms, respectively, as may be provided by law."

It has been repeatedly held that justices of the peace cannot be elected otherwise than as prescribed by the Constitution. (*Geraty v. Reid,* 78 N. Y., 64; *People ex rel. Smith* v. *Schiellein,* 95 id., 124; *Wenzler* v. *The People,* 58 id., 516.) The constitutional provision for the election of justices of the peace in towns and cities, is the denial of the power to elect them in villages. The statute authorizing the election of a justice of the peace for the village of Canton is, therefore, unconstitutional, and Mr. Seaver could not be a *de facto* justice of the peace for the village since there is no such office.

But section 19 of article 6 of the Constitution, provides, that "inferior local courts of civil and criminal jurisdiction may be established by the legislature." This provision took effect in 1870. It had been previously decided that the legislature had the power to establish the office of police justice in villages, provided such officer was given a strictly local jurisdiction, and not the general territorial jurisdiction which justices of the peace possess. (*Sill v. Village of Corning,* 15 N. Y., 297; *Brandon* v. *Avery,* 22 id., 469.) But it had also been decided that if such police justice in villages is vested with the same powers and territorial jurisdiction as a justice of the peace, then he is a justice of the peace under another name, and the statute creating the office is unconstitutional. (*Waters* v. *Langdon,* 40 Barb., 408.) The distinction thus indicated affords the test of constitutionality. (*Village of Deposit* v.

*Vail,* 5 Hun, 310; *Bocock* v. *Cochran,* 32 id., 521; *Conor* v. *Hilton,* 66 How., 146; *Geraty* v. *Reid, supra.*)

The charter of the village defines the power of the justice of the peace as follows: "The said justice of the peace shall have the usual powers of justices of the peace of towns, in relation to crimes and misdemeanors, and to oaths and acknowledgments, and also in civil actions, in which all the parties shall be residents or inhabitants of said village." (Sec. 2.)

If the designation of the officer had been police justice, instead of justice of the peace, the act might have been sustained, within the authorities cited, upon the implied construction that his civil and criminal jurisdiction was limited to the village, and thus local and within the express power conferred by the Constitution. But a justice of the peace is an officer of the Constitution. Whether it is competent for the legislature to pass a local law depriving him, elsewhere than in cities, of any of the powers and jurisdiction conferred by general laws, we need not inquire. (Const., art. 3, § 18.) Certain it is that if by so doing he may be elected in villages, then the Constitution is thwarted by an easy evasion — an evasion pointedly condemned in *Wenzler* v. *People* (58 N. Y., 516). This officer is designated a justice of the peace, whether with greater or less statutory powers, and we cannot suppose that any other than a constitutional justice of the peace can exist. The relator was properly discharged.

Order affirmed, with fifty dollars costs and printing disbursements. (Code Civil Pro., § 3240.) The appeal was taken in the name of the people, under section 2059 Code Civil Procedure, and the costs should be paid by the county of St. Lawrence.

LEARNED, P. J., and BOOKES, J., concurred.

Order affirmed, with fifty dollars costs and disbursements.