THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH S. UPSON, Appellant.

*Police justice of Rochester — authority to try charges made under section 322 of the Penal Code — chapter 204 of 1893 a valid provision of law — chapter 14 of 1880 repealed by implication chapter 143 of 1861 — chapters 384 of 1887 and 561 of 1890 unconstitutional — "local courts" defined — statutes, how construed.*

Under the provisions of chapter 14 of the Laws of 1880 the police justice of Rochester has power to hold Courts of Special Sessions with the jurisdiction of those courts in respect to all those classes of offenses which are enumerated in section 56 of the Code of Criminal Procedure, but he is not by virtue of the authority conferred by said chapter empowered to hear and determine a charge against a prisoner made under section 322 of the Penal Code.

He has authority to try and render judgment in such a case by virtue of chapter 204 of the Laws of 1893, which is a valid provision of law notwithstanding the fact that it purports to amend a statute which at the time of its enactment had no existence by reason of its previous repeal by implication, and under the provisions thereof the police justice of Rochester has authority to try and render judgment upon charges made under section 322 of the Penal Code.

Chapter 14 of the Laws of 1880 was intended to be and was in all respects substituted for and in the place of chapter 143 of the Laws of 1861, and by virtue of the enactment of the former act the latter statute was wholly superseded and repealed by implication.

Chapter 384 of the Laws of 1887 and chapter 561 of the Laws of 1890 are unconstitutional because they assume to give the police justice of Rochester territorial jurisdiction throughout the county of Monroe, and as the designation of the territory embraced in the jurisdiction defined therein is entire, such acts must be good as to the whole or bad as to the whole thereof, and cannot be good as to the city of Rochester and bad as to the county of Monroe.

The term "local courts" means courts possessing a jurisdiction localized within the territorial limits of the city or village for which each is created and by the electors of which its incumbent is chosen.

There is no recognized mode of ascertaining the intention of a legislative enact-
ment except from the plain sense and reasonable construction of the terms
employed, and by no process of construction can the " city of Rochester " be
held to have been intended by the use of the designation the " county of
Monroe."

APPEAL by the defendant, Joseph S. Upson, from a judgment of
a Court of Sessions held in and for the county of Monroe, and
entered in the office of the clerk of the county of Monroe on the
3d day of February, 1894, convicting the defendant of the crime
of keeping a disorderly house, and also from an order entered in
said clerk's office on the 19th day of March, 1894, denying the
defendant's motion for a reargument of the appeal taken by him
from the judgment of the police justice of the city of Rochester.

*H. B. Hallock,* for the appellant.

*H. H. Widener, Assistant District Attorney,* for the respondent.

DWIGHT, P. J. :

The question in the case is of the jurisdiction of the police jus-
tice of Rochester, sitting as a Court of Special Sessions, to try and
render judgment in the case of a complaint under section 322 of
the Penal Code.

The offenses there defined are not among those enumerated in
section 56 of the Code of Criminal Procedure as being within the
jurisdiction of Courts of Special Sessions, so that by virtue, merely,
of an authority to hold Courts of Special Sessions, with all the
jurisdiction belonging to those courts in general, the police justice
of Rochester was not empowered to hear and determine the charge
against the defendant upon which he was convicted in this case. If
he had the authority at all it must have been by virtue of some
special provision of law such as we might expect to find embodied
in the charter of the city of Rochester. And so we do find in sev-
eral successive enactments of the Legislature relating to the organi-
zation and government of that city, several provisions purporting to
confer jurisdiction upon that office. Those provisions it becomes
our duty to examine and to determine their effect and bearing upon
the questions here involved.

The act of 1861 (Chap. 143) was entitled " An act to amend and
consolidate the several acts in relation to the charter of the city of

Rochester." By section 245 of that act it was provided as follows: "The police justice of said city shall have jurisdiction in suits brought for a violation of any of the city ordinances, or of the laws concerning the internal police of the State. He shall not have nor exercise any other civil jurisdiction, but shall have sole and exclusive jurisdiction, in preference to any other justice, to hear all complaints and to conduct all examinations in criminal cases except in case of his absence from the city or inability." This provision, it will be seen, does not empower the police justice to hold Courts of Special Sessions, and gave him no jurisdiction to try and determine any charges of misdemeanor, but only, it would seem, to entertain complaints and conduct examinations with a view to holding the parties charged for the action of the grand jury.

The act of 1880 (Chap. 14) was entitled "An act to further amend chapter 143, Laws of 1861, entitled (as above) and to consolidate therewith the several acts in relation to the charter of said city." By its 1st section it was provided that "Chapter 143 of the Laws of 1861, entitled (as before) is hereby amended so as to read as follows;" and then follows a complete resumé and consolidation of all the acts then in force pertaining to the subject in hand, including a re-enactment of most of the provisions of the act of 1861 (*supra*), generally without change of language or arrangement, but incorporating with it some provisions of law enacted in the interval, and some which were altogether new, and by subdivision 2 of section 290 it was provided that "All acts and parts of acts inconsistent with or repugnant to this act or to the charter as hereby amended are hereby repealed or declared inapplicable to the said city, but the repeal hereby of any statutory provision shall not affect any action, etc., commenced prior to the time when this act shall take effect."

It is very apparent that the statute of 1880, thus described, was intended to be and was, in all respects, substituted for and in place of the statute of 1861, and that, by virtue of the enactment of the former, the latter statute was wholly superseded and repealed by implication. (*Heckmann* v. *Pinkney*, 81 N. Y. 211; *Matter of N. Y. Inst. for the Deaf & Dumb*, 121 id. 234.)

By section 265 of the act of 1880 it was provided that "The

police justice of said city shall have jurisdiction in suits brought for a violation of any of (the) city ordinances, or of the laws concerning the internal police of the State, and is hereby empowered to hold Courts of Special Sessions for the trial of all offenses triable in a Court of Special Sessions." Since the passage of this act there has been no question of the power of the police justice to hold Courts of Special Sessions with the jurisdiction of those courts in respect to all those classes of offenses which are enumerated in section 56 of the Code of Criminal Procedure.

The act of 1887 (Chap. 384) consists of a single section, which purports to amend only section 265 of the act of 1880 (*supra*). This it attempts to do by providing that the Courts of Special Sessions held by the police justice of Rochester shall have, "in the first instance, exclusive jurisdiction to hear, try and determine all charges of misdemeanors committed within the county of Monroe, as is now or may be hereafter provided for in relation to Courts of Special Sessions by section 56 of said Code of Criminal Procedure, and shall also have exclusive jurisdiction in like manner * * * to hear, try and determine all other charges of misdemeanors and other offenses or crimes punishable as such as are defined to be misdemeanors by sections 5 and 6 of the Penal Code or other statute now or hereafter passed."

The definitions of sections 5 and 6 of the Penal Code include in the class of misdemeanors all crimes not felonies, and are broad enough to include the offense of which the defendant was convicted; and here, as will be seen, was the first enactment which assumed to give to the police justice of Rochester, sitting as a Court of Special Sessions, jurisdiction of that offense. But the provision was clearly unconstitutional, because it assumed to give to the police justice of Rochester a territorial jurisdiction throughout the county of Monroe.

The office in question finds its only warrant for being in that provision of the Constitution of the State which provides for the establishment by the Legislature of " inferior local courts of civil and criminal jurisdiction." (Const. art. 6, § 19.) The meaning of the term " local courts " is well established by the authorities. It means courts possessing a jurisdiction localized within the territorial limits of the city or village for which each is created, and by the electors of which its incumbent is chosen. Such is the plain doctrine of

such cases as *Brandon* v. *Avery* (22 N. Y. 469); *Waters* v. *Langdon* (40 Barb. 408); *Geraty* v. *Reid* (78 N. Y. 64); *People ex rel. Sinkler* v. *Terry* (108 id. 1); *Curtin* v. *Barton* (139 id. 505). In the two cases last cited the constitutionality of the enactments assailed was upheld only because, by a just construction of their terms, it was apparent that the jurisdiction of the courts created thereby was intended to be limited in the one case to the city (of Syracuse), and in the other to the village (of Canton), in which the courts were, respectively, constituted.

The suggestion of the learned Court of Sessions, that the words " within the county of Monroe" were inadvertently employed in place of ".within the city of Rochester," as intended by the Legislature, can hardly be accepted as an answer to the objection to the act in question. There is no recognized mode of ascertaining the intention of a legislative enactment, except from the plain sense and reasonable construction of the terms employed; and by no process of construction can the city of Rochester be held to have been intended by the use of the designation "the county of Monroe."

Neither can the contention of the district attorney be maintained to the effect that the act, though bad as to the whole of the county of Monroe, was good as to that part of it which is included within the territorial limits of the city of Rochester. The provision is single and the designation of the territory embraced in the jurisdiction defined is entire; it must be good as to the whole or bad as to the whole.

The same objection must prevail to the attempted further amendment of section 265 of the act of 1880 by chapter 561 of the Laws of 1890. It consists of a re-enactment of the section, as amended by the act of 1887, with scarcely more than a verbal amendment, which, however, serves to emphasize the intention of the Legislature to extend the jurisdiction of the police justice of Rochester over the whole of the county of Monroe.

The next attempt to amend the provision of the charter of Rochester relating to the jurisdiction of its police justice is found in chapter 204 of the Laws of 1893. This act, we may well suppose, was passed with the intention of remedying the error of the legislation of 1887 and 1890 relating to that subject. If valid legislation it would have accomplished that object, because it undertook by

express provision to limit the jurisdiction in question — as it was, no doubt, impliedly limited by the act of 1880, viz., to offenses committed within the city of Rochester, and thus avoided the constitutional objection to the enactments of 1887 and 1890.

The objection is made to this statute that it is void because it purports to amend a statute which has no existence by reason of its repeal. There seems to be no reported decision of our own courts on this question. In several of the Western States the rule has been held as contended for by the defendant. (See 23 Am. & Eng. Ency. of Law, 276, and the cases cited.) Whereas, in Massachusetts, a statute amending a section of a previous statute, which had been superseded and repealed by implication, was held to be valid on the ground that it was the evident intention of the Legislature to amend the amendatory and not the amended section. There can, of course, be no doubt of the intention of the Legislature in this case, and we are much disposed to follow the doctrine of the Massachusetts case, and give effect to the act of 1893 as a valid definition of the jurisdiction, after that date, of the police justice of Rochester, which covers the offenses of which the defendant was convicted.

Such being the case, the constitutional objection to the acts of 1887 and 1890 are avoided, and a jurisdiction was conferred upon the police justice to hear, try and determine the complaint against the defendant.

A most unquestioned case of gross violation of the law was made out against him, and that by evidence to which no objection was made.

The judgment should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and conviction of the Court of Sessions of Monroe county affirming a judgment and conviction of a Court of Special Sessions of Rochester affirmed.