PEOPLE ex rel. THOMAS SLADE, Relator, *v.* ZADOC P. BOICE, Sheriff of Ulster County, Respondent.

(County Court, Ulster County, May, 1909.)

Constitutional law — Provisions relating to courts and judicial officers — Creation of courts — Local inferior courts — What are local courts.

The Constitution of the State of New York does not, in terms, provide that the judicial authority of the State shall be vested in the courts for which the Constitution provides; and it is only by the application of reasonable principles of construction to the Constitution that a conclusion is reached that no tribunals fulfilling the general purpose of the constitutional courts can be erected by the Legislature.

The Legislature may not allow a portion of a town or county, not constituting either a city or village, to be dissevered for local judicial purposes from the rest, leaving the resulting subdivisions a unit for all other purposes of civil government.

By the provisions of the State Constitution relating to inferior local courts, a territorial division less than a town is not necessarily intended and such a court may be created for a town.

The provisions of chapter 31 of the Laws of 1861, creating the office of police justice for the town of Saugerties, which attempts to vest in the police justice exclusive jurisdiction to hear and determine all criminal cases in the town, is unconstitutional; but, after eliminating this provision, there still remains a court created, having concurrent jurisdiction with justices of the peace in criminal matters only, which neither supersedes nor fulfills the purpose of any constitutional court and the creation of which was within the power of the Legislature.

THIS hearing was had upon a return to a writ of habeas corpus.

John T. Cahill, for relator.

Wm. D. Cunningham and Frederick G. Traver, for Zadoc P. Boice, sheriff.

CANTINE, J.   The relator seeks to be discharged by means of these proceedings, claiming that the police justice of the town of Saugerties had no jurisdiction to hear and determine the cause for the reason that chapter 31 of the Laws of

1861, creating the office of police justice for the town of Saugerties, was unconstitutional. We are, therefore, asked to set aside a solemn act of the Legislature which has been in force nearly one-half a century. This should not be done unless no possible way remains open to reconcile the act with the mandate of the Constitution. This act must be judged by the Constitution of 1846. Under it the Legislature was empowered, in cities, to establish inferior local courts of civil and criminal jurisdiction. This power given to the Legislature was first considered in the case of Sill v. Village of Corning, 15 N. Y. 297.

The Legislature had, in 1852, created the office of police justice for the village of Corning. Upon a conviction had before such police justice, the defendant appealed, claiming that the court was without jurisdiction, the Legislature having no power to create an inferior court in a village. Chief Judge Denio, in affirming the conviction, examined the powers of the Legislature under the Constitution and said: "I do not, however, see any prohibition against providing for the organization of local courts in villages. There is nothing in terms prohibitory of new courts in the constitution. It is not anywhere said that the judicial authority of the state shall be vested in the courts for which the constitution provides, though such phraseology is made use of in regard to the legislative power. It is by the application of reasonable principles of construction that we are able to say that no tribunals fulfilling the general purpose of the constitutional courts, expressly provided for, can be erected. * * * The state, as to subjects of a domestic nature, is a sovereign political power, and the legislature can provide such agencies for the administration of the law and the maintenance of public order as it shall judge suitable, where no prohibition, expressly made or necessarily implied, is found in the constitution. * * * I am of opinion that upon the general principles which I have stated, the legislature was not precluded from providing for the organization of a local court in this village, having the power to hear and determine actions for penalties imposed by the by-laws of the village."

The limitation, therefore, clearly imposed by this construction of the Constitution, is that the tribunals created did not fulfill the general purposes of the constitutional courts. Again, in Brandon v. Avery, 22 N. Y. 469, Chief Judge Comstock, who had dissented in the Sill case, wrote the prevailing opinion, in which the general views expressed in the Sill case were reiterated.

Again, in People ex rel. Townsend v. Porter, 90 N. Y. 68, the Court of Appeals defines the bounds of the local court to be the territorial limits of the county, town or city, and declares an act creating a court having jurisdiction within two villages to be unconstitutional. Chief Judge Andrews used this language: "It would not we think comport with the spirit of the constitution, to allow a portion of a town, or of a county, not constituting either a city or a village, to be dissevered for local judicial purposes, from the rest, leaving it a unit for all other purposes of civil government."

In People ex rel. Burby v. Howland, 155 N. Y. 270, the Court of Appeals, by a divided court, held the provisions of the act creating a police justice in the town of Fort Edward to be unconstitutional, in so far as it deprived the justices of the peace of the power to enforce the criminal law and prohibited all peace officers from serving process or executing commitments issued by the justices of the peace.

The law, in so far as it created the office of police justice, was not declared to be unconstitutional, for the reason that that question was not before the court.

I have found no case holding the creation of a police justice for a town, to whom is given criminal jurisdiction, only, within its territorial limits, to be unconstitutional.

If this act is to be declared unconstitutional, it can only be done by holding that the word "local" means some territorial division less than a town, or, in other words, that local courts of inferior jurisdiction can only be created in cities and villages. The courts have not as yet so held, but in many of the cases the reasoning used would lead to that conclusion.

The act under consideration, chapter 31, Laws of 1861,

in so far as it vests in the police justice of the town of Saugerties exclusive jurisdiction to hear and determine all criminal cases, is unconstitutional. By striking from the act the unconstitutional provisions, there still remains a court created, having concurrent jurisdiction with justices of the peace in criminal matters only. This court, thus created, does not fulfill the general purposes of any constitutional court. It supersedes no court. In one respect, only, it is auxiliary to the courts held by justices of the peace, viz., in the disposition of criminal business. Its territorial bounds conform to one of the units of government defined by the Constitution. It is inferior to the courts held by justices of the peace, because it has less power. And, finally, the Constitution has not denied the Legislature the power to create this court, either directly or by necessary implication.

I shall, therefore, hold that this court is a local court of inferior jurisdiction within the power of the Legislature to create.

Writ dismissed and relator remanded.