William Aiello, as Assignee of North American Hosiery Corp., Plaintiff, *v.* Yale Transport Corp., Defendant.

Supreme Court, Special Term, New York County, August 22, 1940.

*Kavowitz & Karnes*, for the plaintiff.

*Shepard & Cherniack*, for the defendant.

Bernstein, J.  This is a motion to set aside an execution against the defendant's property issued upon a judgment entered by default in the Justice's Court of Rye, in Westchester county.  The summons was served on an officer of the defendant corporation at its place of business in New York county, and it is now the defendant's contention that the judgment is void for lack of jurisdiction because of such service.

Section 10 of the Justice Court Act permits an action to be brought before a justice of a town or city wherein one of the parties resides or a justice of an adjoining town or city in the same county, except in certain cases not pertinent here.  It appears that the plaintiff is a resident of Rye and the venue was properly laid before said justice.  Section 51 of the act provides that personal service of a summons on a corporation "must be made by delivering a copy thereof anywhere within the State," and the service here was made in accordance with that provision.

This court is of the opinion that to the extent that the Justice Court Act purports to confer upon a Justice's Court jurisdiction through the service of process outside of its territorial limits it is unconstitutional.

The Justice's Court of Rye is strictly an inferior local court.  As employed in our several Constitutions, that term has been defined by high authority to mean a court possessing a jurisdiction local-

ized within the territorial limits of the city or village for which it is created, and by the electors of which the incumbents thereof are chosen. (*People* v. *Upson,* 79 Hun, 87.) The question of the right of the Legislature to extend the jurisdiction of such courts to persons and subjects without the territorial limits has been considered in connection with provisions of our earlier Constitutions. (*Hoag* v. *Lamont,* 60 N. Y. 96; *Geraty* v. *Reid,* 78 id. 64, 67; *Baird* v. *Helfer,* 12 App. Div. 23.) It was answered in these words: "The jurisdiction of a *local* court must be exercised within the locality, and its process cannot be executed outside of it." (*Geraty* v. *Reid, supra.*) "The Legislature could not change the character of a local court of limited territorial jurisdiction to one of general jurisdiction, with power to summon to its bar and subject to its judicial authority defendants not residents, nor served with process within the limits of its jurisdiction as a local court." (*Baird* v. *Helfer, supra.*)

While the present Constitution of this State contains no express inhibition against the creation of local courts with extraterritorial jurisdiction, the language of the third sentence of section 18 of article VI of the Constitution clearly indicates such intention; "but it [the Legislature] may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located." In establishing the county line as the outside limit of territorial jurisdiction the framers of the Constitution undoubtedly followed out their general design of preventing local courts from growing into courts of general jurisdiction even within the locality wherein they were situated.

The logic of the cases decided under the provisions of the earlier Constitutions has been applied to cases which have come up for consideration under the provisions of our present Constitution. (*Worthington* v. *London Guarantee & Accident Co.,* 164 N. Y. 81, 90; *Matter of Buoneto* v. *Buoneto,* 278 id. 284.) The last cited case involved the question of the right of the Legislature to grant to local courts jurisdiction over non-resident defendants who are served with process within the territorial limits of their jurisdiction. In holding that the Legislature had that right in that case the court said: "We have reached the conclusion that article VI, section 18, of the Constitution does not prohibit the Legislature from granting to local courts jurisdiction over *non-resident defendants who are served with process within the territorial limits of their jurisdiction.*" (Italics supplied.) The distinction in the instant case is that the service was not made within the territorial limits

of the Justice's Court of Rye. It is a distinction which is noted in the language of the Appellate Term (LEHMAN, J.): " The Legislature was not, however, bound to confine the jurisdiction of the local inferior courts to actions against residents of counties or even to residents of some other political subdivision of the State *so long as jurisdiction of the persons could be obtained within the territorial jurisdiction of the court.*" (*Degnon* v. *Cook & Wilson,* 98 Misc. 251, 255.) (Italics supplied.)

The motion to set aside the execution is accordingly granted. Settle order.