(164 App. Div. 386)

PEOPLE ex rel. MUELLER v. MUELLER.

(Supreme Court, Appellate Division, Second Department. November 13, 1914.)

PARENT AND CHILD (§ 17*)—FAILURE TO SUPPORT—DEFENSES.

A wife, refusing to live with her husband, was defeated in an action for separate maintenance with provision for the support of herself and children. In habeas corpus she was awarded the custody of the children, on the theory that their physical condition demanded that she should continue their custody. Subsequently she instituted a proceeding against the husband for nonsupport of the children. There was no explanation of the wife's inability to take care of the children, while the husband was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ready and willing to take them and his wife and provide a home for them. *Held*, that the husband could not be convicted of disorderly conduct for failing to support his children, nor directed to pay a specified sum per week for their support and give security therefor.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 176–181; Dec. Dig. § 17.*]

Appeal from Queens County Court.

Action by the People, on the relation of Freda Mueller, against William Mueller. From an order of the County Court, affirming a conviction by the City Magistrate of defendant as a disorderly person for failure to support his children, he appeals. Order of affirmance reversed, and judgment of conviction reversed, and proceedings dismissed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Clinton B. Smith, of Flushing, for appellant.

Herman Stiefel, of New York City, for respondent.

THOMAS, J. The defendant, after providing duly for his wife and children, sharing for that purpose with her parents a house at Flushing, moved to Long Island City, where he took an apartment, to which he invited his wife to come, with her children, which she refused to do. She brought action for separation, with provision for the support of herself and children, upon the ground that her husband had failed to furnish such support, and also on account of cruel and inhuman treatment. The decision was against her. In proceedings by habeas corpus taken by him to recover the children, she returned, on February 6, 1914, that she had kept them in comfortable circumstances and had thoroughly and properly provided for their general welfare, and that their physical condition demanded that she continue their custody. The court decided that the welfare of the children required that they continue in the custody of the mother, with certain permission to the father to see them. On March 6th the wife caused the husband to be apprehended as a disorderly person, because he did not support the children so committed to her custody, and in a proceeding in which she stated that she had not means to support the children, or means of employment, he was found to be a disorderly person, directed to pay $8 per week for the support of the children, to give security therefor, or, in lieu thereof, be committed.

So the father, decreed not to have been in dereliction in the support of his wife and children, and, although innocent, deprived of the custody of his children by her failure to live with him in the place tendered her, unlawfully detaining his children from him by absenting herself from his bed and board, is condemned for failure to support his children. There is no explanation of the ability of the wife to take care of the children as indicated by her in the habeas corpus proceeding, and her lack of means as alleged to obtain the present order. If she was competent then, as she must have led the court to believe, she is competent at present, or at least she should explain how she became

disabled in the course of one month. Moreover, the children cannot become a public charge, as the husband is ready and willing to take them and their mother and provide for them according to his right and duty. The fact seems to be that the mother threatens to make them a public burden, after gaining possession of them upon representation of past care, which the court must have thought would continue. It is her fault if they become a public burden, inasmuch as she in duty should go to the home her husband is willing to provide, in which case they would have her care, his care and full support.

The order of affirmance of the County Court should be reversed, the judgment of conviction of the City Magistrate should be reversed, and the proceedings dismissed. All concur.