GEORGE H. DEGNON, Respondent, *v.* COOK & WILSON's GREATEST WILD ANIMAL CIRCUS ON EARTH, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Jurisdiction — territorial — of local inferior courts — limitations — actions — corporations — Municipal Court of city of New York — constitutional law — Municipal Court Code.

When the legislature created the city of Greater New York it had a right to consolidate into a court with jurisdiction conterminous with the boundaries of the new city the local courts existing in the various sections of the city and to confer on the consolidated court the same jurisdiction which had been possessed by any of the former courts or to confer new jurisdiction subject to two limitations: *First,* it could not be given power to act beyond the boundaries of an established political subdivision of the state; *second,* it could not be given jurisdiction greater than the County Court had over defendants properly brought into those courts. The legislature, however, was not bound to confine the jurisdiction of the local inferior courts to actions against residents of counties or even to residents of some other political subdivision of the state so long as jurisdiction of the persons could be obtained within the territorial jurisdiction of the court.

Although prior to the enactment of the Municipal Court Code an action against a foreign corporation was maintainable only where it had an office in the city of New York the provision of said Code which authorizes such an action with-

Supreme Court, Appellate Term, January, 1917. [Vol. 98.

out imposing such a limitation is not unconstitutional on the ground that it confers upon the Municipal Court of the city of New York, which is a continuation and consolidation of the old District Courts, greater jurisdiction than is conferred on County Courts, in contravention of section 18 of article VI of the Constitution of the State.

Appeal by defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, third district, denying a motion to vacate a warrant of attachment.

Joseph V. Mitchell (James C. Madigan, of counsel), for appellant.

O'Brien, Malevinsky & Driscoll (Arthur F. Driscoll and Alfred G. Steiner, of counsel), for respondent.

Lehman, J. The defendant herein has appeared specially to move to set aside the service of the summons and complaint herein and to vacate a warrant of attachment granted herein. Originally he asked this relief on the ground that the papers on which the attachment was granted are fatally defective. The defendant contended in effect that the action is against a foreign corporation and the papers fail to show that the plaintiff is a resident of the city or state; that the cause of action arose here, that the defendant maintains an office in the city or state and that it does not appear from the original papers that the court has jurisdiction of this action against the foreign corporation. The justice who heard this motion held that the plaintiff is a resident of the city of New York and, therefore, denied the motion. We need not now consider the correctness of the decision of the motion made on the ground that the original papers are defective for the defendant did not appeal from that order,

but, instead, made a new motion on affidavits for the same relief. It now appears undisputed that the plaintiff is not a resident of the state; that the defendant is a foreign corporation which maintains no office in the state, and that the cause of action did not arise within the state. The defendant also claims that it transacted no business within the state but the plaintiff alleges to the contrary and for the purposes of this appeal we may consider that the defendant is doing business in this state and that, therefore, under section 1780 of the Code of Civil Procedure, the courts of this state may take jurisdiction of the subject matter of the action. The only claim of the defendant that now merits serious consideration is that under the former Municipal Court Act, before the enactment of the Municipal Court Code, an action against a foreign corporation could be brought only where the corporation had an office in the city of New York and that the provision of the Municipal Court Code which authorizes actions against foreign corporations without imposing such a limitation is unconstitutional, in that it confers upon the Municipal Court greater jurisdiction than is conferred upon County Courts, in contravention of section 18 of article VI of the Constitution.

Article VI, section 14, of the Constitution, provides that the jurisdiction of the County Courts shall not be so extended as to authorize an action therein for the recovery of money only, in which the sum demanded exceeds $2,000 or in which any person not a resident of the county is a defendant. The Court of Appeals, in the case of *Worthington* v. *London G. & A. Co.,* 164 N. Y. 81, and in the case of *Routenberg* v. *Schweitzer,* 165 id. 175, held that in spite of these provisions of the Constitution the legislature had power to confer jurisdiction upon the Municipal Court in actions against non-resident persons or corporations having

a place of business in the city. It held in those cases that, since the Municipal Court was a continuation and consolidation of the old district courts, the legislature had power to continue in the consolidated courts all the powers previously exercised by any of the district courts. While that case is usually cited only as authority for the proposition that the Municipal Court is not a new court but the consolidation of previously existing courts, the case also squarely holds that the framers of the Constitution "were not dealing with the jurisdiction of these future courts as to territory, nonresident parties defendants or foreign corporations." The Court of Appeals in the earlier case of *Landers* v. *Staten Island R. R. Co.*, 53 N. Y. 450, had held the converse of this proposition. In that case the court had under consideration article VI, section 12, of the Constitution, as amended in 1869, which continued in existence certain specified local courts with the powers and jurisdiction they then had "and such further civil and criminal jurisdiction as may be conferred by law." Subsequently the legislature attempted to confer upon these courts jurisdiction throughout the state and to confer upon the courts power to send their summonses and processes throughout the state. The court held that this statute was unconstitutional; that the courts affected were local courts and that when the Constitution speaks of "further civil and criminal jurisdiction it has respect to the object of the jurisdiction and not to the territory or the persons of suitors" and it did not thereby authorize the legislature to change a local court into a court of general jurisdiction. In the subsequent case of *People ex rel. Townsend* v. *Porter*, 90 N. Y. 68, the court held that the power to create inferior local courts referred simply to local courts as historically known, that is, courts established within one of the recognized territorial divisions of the state,

county, town, city or village. In the later case of *Worthington* v. *London G. & A. Co., supra,* the majority of the court stated that these cases had been decided before the Constitution of 1894 was framed "and the convention deemed it wise to place an additional restraint upon the legislature when defining the powers of inferior local courts, to be exercised within their territorial limits, and, hence, we have the provision of the Constitution already quoted, which prohibits the legislature from granting ' any greater jurisdiction in other respects than is conferred upon County Courts by or under the article.' " In other words, as I construe that case the court held that, when the legislature created the Greater City of New York, it had a right to consolidate into a court with jurisdiction conterminous with the boundaries of the new city the local courts existing in the various sections of the city and to confer on the consolidated court the same jurisdiction which had been possessed by any of the former courts · or to confer new jurisdiction subject to two limitations: *First,* it could not be given powers to act beyond the boundaries of an established political subdivision of the state; *second,* it could not be given jurisdiction greater than the County Courts had over the defendants properly brought into those courts. The legislature was not, however, bound to confine the jurisdiction of the local inferior courts to actions against residents of counties or even to residents of some other political subdivision of the state so long as jurisdiction of the persons could be obtained within the territorial jurisdiction of the court.

Order should be affirmed, with ten dollars costs.

WHITAKER and FINCH, JJ., concur.

Order affirmed, with costs.