DAVID FRIEDMAN and PAULINE KLEIN, Plaintiffs, *v.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Defendant.

Supreme Court, Schenectady County, May 31, 1940.

*Samuel Levy*, for the plaintiffs.

*Jones & Jones*, for the defendant.

LAWRENCE, J. The defendant is a foreign corporation. The summons was served upon the Secretary of State as agent designated by the defendant for that purpose. The principal office of the defendant in this State is in New York city. The action resulted in a verdict for the plaintiffs in the sum of eighty dollars.

By subdivision 6 of section 1474 of the Civil Practice Act, costs cannot be recovered in an action in Supreme Court in Schenectady county where the County Court would have jurisdiction, unless the recovery is for the sum of $500 or more.

In the case of *Wachtel* v. *Diamond State Engineering Corp.* (215 App. Div. 15), decided in 1925, it was specifically held that a County Court does not have jurisdiction of a foreign corporation. It is, however, contended by the defendant that the above-cited case is no longer applicable because, by the constitutional amendment (State Const. art. 6, § 11) the Legislature was given the right to enlarge the jurisdiction of County Courts. Certain subdivisions of section 67 of the Civil Practice Act were amended in 1926. By that section the County Courts were given jurisdiction where a defendant resides in the county or has an office for the transaction of business within the county and the cause of action arose in the county. Here the cause of action arose in the county and the defendant had an office for the transaction of business within the county and so the question, among others, arises as to whether the term " person " in the Constitution includes a foreign corporation. Section 68 of the Civil Practice Act extends the jurisdiction of County Courts to include a domestic corporation. No language used is susceptible of an extension to include foreign corporations. If it was intended that section 67 of the Civil Practice Act include all corporations as well as persons, there would have been no necessity for the enactment of section 68.

The amendments referred to do not, in my judgment, change the law as announced in *Wachtel* v. *Diamond State Engineering Corp. (supra)*.

The motion to disallow costs in the action is denied, with ten dollars costs.