Hyman Korn, J.
These are three motions pending before this court involved with supplementary proceedings. Motion No. 15 of the calendar of December 10, 1962 is to punish the judgment-debtor for contempt for failure to attend at an examination and for other relief. Motion No. 52 of the same calendar is for an order requiring weekly payments pursuant to section 793 of the Civil Practice Act. Motion No. 55 of the same calendar is by the judgment debtor, and seeks a dismissal of the supplementary proceedings on the ground that the judgment on which they are based is void on the ground that the court never acquired jurisdiction of the defendant. These motions are consolidated and will be disposed of together. These proceedings stem from a judgment by default entered in the Police Justice’s Court of the Village of Mamaroneck, New York in 1954. It is averred and not denied that the summons was served in the City of New Rochelle, outside of the territorial limits of the Village of Mamaroneck. “ The jurisdiction of a local court must be exercised within the locality, and its process cannot be executed outside of it ”. (Geraty v. Reid, 78 N. Y. 64, 67.) The territorial jurisdiction of a Police Justice in civil matters extends only to the boundaries of the village in which he was elected and so civil process issued by him must be served within the village (Nassau Garage v. Dorn, 158 N. Y. S. 534; Op. Atty. Gen. [Inf.], 45 N. Y. St. Dept. Rep. 683). Apparently, the service was improper and the court did not acquire jurisdiction. In fact the learned Police Justice so found and vacated the judgment. Plowever, on appeal the County Court of Westchester County reversed his order, on the technical ground that the Police Justice was powerless to vacate the judgment. That the only method of reviewing a judgment is by an appeal. The question of territorial limitation was not reached. However they stated: “ This decision is, of course, no bar to whatever other remedies the defendant may have in another forum” (Lancia v. Mosca, N. Y. L. J., Feb. 1, 1962, p. 16, col. 5).
Section 272 of the Justice Court Act provides in part that after the transcript of a Justice Court judgment is filed in the County Court it is deemed a judgment of the County Court and must be enforced accordingly. “ Therefore the County Court *517 may inquire, on motion, when no appeal has been taken, into the jurisdiction of the justice who rendered the judgment which the County Court is now called upon to enforce (9 CarmodyWait, New York Practice, p. 688.) We, therefore, are of the opinion that the County Court of Westchester County is the proper forum for the disposition of this matter. This is particularly true in view of the fact that there are no Justices’ Courts in his county nor in this Department.
Accordingly, the judgment debtor’s motion is granted to the extent that the enforcement of the judgment by supplementary proceedings will be stayed, pending an application to the proper forum for relief from this apparently void judgment. Therefore, the two motions of the judgment creditor are denied.