John H. Galloway, Jr., J.
Plaintiff appeals from an order of the Police Justice Court of the Village of Port Chester (Carecí, J.) granting defendant’s motion to vacate service of the summons and to dismiss the action on the ground that as a matter of law the court does not have jurisdiction over the defendant.
This action to recover the sum of $41.25 was commenced by service of a summons and notice upon the defendant, a foreign insurance corporation, organized and existing under the laws of the State of New Jersey, by serving in the City of White Plains the manager of defendant’s White Plains office. Defendant is authorized to transact business in this State, and for that purpose maintains offices in various places throughout the State. At the time this action was commenced it did not have an office in the Village of Port Chester, but its White Plains office manager resided in the Village of Valhalla, Town of Mount Pleasant.
Defendant contends here, as it did in the court below: First, that service of process on defendant, a nonresident of the Village of Port Chester, outside the limits of that village was void as contravening section 18 of article VI of the New York Constitution; and Second, that being a foreign corporation and not a resident of Westchester County, defendant is not in any event amenable to the jurisdiction of the Police Justice Court of Port Chester, since it is not amenable even to the jurisdiction of the County Court of this county.
*481 Plaintiff-appellant contends that the lower court has jurisdiction over defendant since it is an insurance corporation doing- business in this State upon whom service can be effected by service upon a local or general agent thereof residing in the county, pursuant to section 54 of the Justice Court Act; that section 54 (enacted in 1864), and not section 18 of article VI of the Constitution (as amd. in 1925, eff. Jan. 1, 1926) is controlling in this situation as to the territorial jurisdiction of the Port Chester Police Justice Court, since that court and the Justice Court Act antedate the constitutional provision; that therefore the latter provision was not intended to bar the Legislature from extending the territorial jurisdiction of the Police Justice Court to the boundaries of the county as it has so provided in the Port Chester Police Court Act (L. 1949, ch. 851, § 13); and that in any event the constitutional provision has no application to nonresident foreign corporations.
In granting the motion below, the learned Police Justice held that section 13 of the Police Court Act of that village extended the territorial jurisdiction of that court throughout the county, without contravening the limitations imposed by section 18 of article VI of the Constitution; but he also held that his court did not have jurisdiction over the defendant foreign corporation, in view of the County Court’s lack of such jurisdiction under sections 67 and 68 of the Civil Practice Act (citing Wachtel v. Diamond State Eng. Corp., 215 App. Div. 15).
In the light of the constitutional and statutory provisions with which we are here concerned, and of the court decisions which have interpreted and applied them, we are of the opinion that the court below does not have jurisdiction of this defendant, and that the order below should be affirmed.
The office of Police Justice was first created in Port Chester by chapter 106 (§§ 2, 11) of the Laws of 1906, which provided that his civil jurisdiction was to be “ the same jurisdiction as justices of the peace of towns in civil actions to recover a penalty or forfeiture payable to the village ” (emphasis added). By chapter 501 of the Laws of 1911 the underscored words of limitation were removed, and Police Justices in general were given ‘ ‘ the same jurisdiction as a justice of the peace of a town in civil actions ” (see Village Law, § 186, as amd. by L. 1911, ch. 501).
The latter amendment was held not to have enlarged the territorial jurisdiction of a Police Justice in Nassau Garage v. Dorn (158 N. Y. S. 534, 535 [1916] wherein the Nassau County Court, considering the effect of the amendment, said: “ The territorial jurisdiction of a police justice does not extend beyond *482 the boundary of the village in which he is elected, and civil process issued by him must be served within the village.” (See, also, Matter of Lancia v. Mosca, 38 Misc 2d 515, 516.) And in Geraty v. Reid (78 N. Y. 64, 67) the Court of Appeals also held that “ The jurisdiction of a local court [Justice’s Court of City of Brooklyn] must be exercised within the locality, and its process cannot be executed outside of it” (decided in 1879, prior to the amendment of section 18 of article VI of the Constitution in 1925 which extended the territorial jurisdiction of City Justices of the Peace to the county in which such city was located).
Contrary to plaintiff’s assertion in Point II of her brief, the Port Chester Police Justice’s Court was not established under the village’s original charter of May 14, 1868 (L. 1868, ch. 818). In fact that charter made no mention of either Police Justices or of a Police Justice’s Court. The extant Police Justice Court of Port Chester was first established in 1949 (L. 1949, ch. 851). Clearly that act was and is subject to the limitations imposed upon the Legislature by the Constitution (art. VI, § 18) with respect to the territorial jurisdiction which it may confer on the Port Chester Police Justice Court as an inferior local court.
It thus appears that while Police Justices generally (under Village Law, § 186, as amd. in 1911) and in Port Chester in particular (under L. 1906, ch. 106) had the same subject matter jurisdiction as Justices of the Peace from 1911 on, their territorial jurisdiction in Port Chester was limited to the village limits until in 1949, by section 13 of chapter 851, the Legislature sought to extend countywide the territorial jurisdiction of the Port Chester Police Justice Court. That act provides as follows: “Process; where service may be made; how directed. The territorial jurisdiction of the court shall extend throughout the county of Westchester and it shall have power to send its process and other mandates to any part of the county of Westchester for service or execution in any action or special proceeding over which it has jurisdiction ”.
In our opinion this purported extension of the Port Chester court’s territorial jurisdiction is invalid and void, since it contravenes the limitations of section 18 of article VI of the Constitution, which, as amended in 1925, effective January 1, 1926, we determine is here controlling, and which provides in material part as follows: “Inferior local courts of civil and criminal jurisdiction may be established by the legislature, but no such inferior local court which has been created since the first day of January, one thousand eight hundred and ninety-five, or is *483 hereafter created shall be a court of record. * * * The legislature shall uot hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article; but it may provide that the territorial jurisdiction in civil cases or any inferior or local court now existing or hereafter established m any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located. ’’ (Emphasis added.)
In our judgment it is clear beyond question that, under the above-quoted and italicized provisions of the Constitution, the Legislature may invest with countywide jurisdiction only those inferior or local courts theretofore existing or thereafter established in cities. Since Port Chester was and is a village and not a city, section 13 of that village’s “ Police Court Act ” (L. 1949, ch. 851, § 13) is unconstitutional to the extent that it provides that: “ The territorial jurisdiction of the court shall extend throughout the county of Westchester and it shall have power to send its process * * * to any part of the county * * * for service * * * in any action * * * over which it has jurisdiction ”. That is to say — the quoted statute is unconstitutional to the extent that it purports to authorize service of the Port Chester Police Justice Court’s summons beyond the territorial limits of that village on a defendant who is not a resident of that village and who is not found therein at the time of commencement of the action.
In a substantially similar factual situation involving the territorial jurisdiction of the Justice’s Court of the Town of Rye, the Supreme Court, New York County, in Aiello v. Yale Transp. Corp. (174 Misc. 867) considered whether that Justice’s Court acquired jurisdiction over a nonresident corporation by service of its process on an officer of the defendant corporation at its place of business in New York County, the plaintiff being a resident of Rye. The court (per Bernstein, J.) held that, to the extent that the Justice Court Act (§§ 10, 51) purports to confer upon a Justice’s Court jurisdiction through the service of its process outside of its territorial limits, it is unconstitutional as contravening section 18 of article VI of the Constitution.
Mr. Justice Bernstein said in the Aiello case (p. 868): ‘ ‘ While the present Constitution of this State contains no express inhibition against the creation of local courts with extraterritorial jurisdiction, the language of the third sentence of section 18 of article VI of the Constitution clearly indicates such intention ”. (Quoting the portion thereof which we have here *484 inabove italicized in onr quotation.) Judge Berksteix also said (pp. 867-868):
“ The Justice’s Court of Bye is strictly an inferior local court. As employed in our several Constitutions, that term has been defined by high authority to mean a court possessing a jurisdiction localized within the territorial limits of the city or village for which it is created, and by the electors of which the incumbents thereof are chosen. (People v. Upson, 79 Hun, 87.) ”
But appellant urges that section 54 of the Justice Court Act which has been in effect since 1864, is not affected or limited by section 18 of article VI of the Constitution, and is controlling in the case at bar, and should not have been ignored by the Police Justice below. Section 54 provides, in material part, for the service of a summons on an insurance company, as follows: “Where the defendant to be served is a corporation * * * doing business in the state as an * * * insurance company * * * and no person resides in the county to whom a copy of the summons may be delivered, as prescribed in the foregoing sections of this article, it may be personally served * * * on any insurance company by delivering a copy thereof to any local or general agent of the defendant, residing in the county ”.
The relevant previous section referred to in section 54 is section 51 which provides for personal service of the summons on “ a corporation other than a domestic municipal corporation * * * by delivering a copy thereof anywhere in the the state, as follows: * * * 3. If the defendant be a foreign corporation, to the president, treasurer or secretary” (emphasis added). Section 10 of the Justice Court Act which fixes the venue of actions in that court, provides generally that the action must be brought in the town or city wherein one of the parties resides, except in one of the following cases:
“ 3. Where the defendant is a non-resident of the county, it may be brought before a justice of the town or city in which he is at the time of the commencement of the action. * * *
11 A defendant designated in sections fifty-one * * * and fifty-four of this act is deemed, for the purposes of this section, a resident of the town or city where the person to whom a copy of the summons is delivered resides.”
Since section 54 by its terms must be read with subdivision 3 of section 51 and subdivisions 3 and 5 of section 10 of the Justice Court Act and section 10 is by its terms to be read with section 54, and in the light of the holding in Aiello v. Yale Transp. Corp. (174 Misc. 867, supra) we are of the opinion *485 that sections 10, 51 and 54 of the Justice Court Act to the extent that they purport to confer on the Justice’s Court jurisdiction of a foreign corporation by service of process outside the court’s territorial limits, are unconstitutional and void as contravening the inhibition of section 18 of article VI against the conferring of such jurisdiction. Those statutes therefore cannot serve as a valid basis for the extension of the territorial jurisdiction of the Port Chester Police Justice Court, as urged by appellant.
Furthermore, to the extent that sections 10, 51 and 54 of the Justice Court Act purport to confer on a Justice’s Court, and section 13 of the Port Chester Police Justice Court Act purports to confer on that court, jurisdiction of a foreign corporation, as urged by appellant, then said sections must be declared to contravene that portion of the constitutional provision (art. VI, § 18) which provides: “ The legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts by or under this article ” (emphasis added).
Clearly the jurisdiction of Justices’ Courts and Police Justices’ Courts is measured, in the words of the quoted constitutional provision, by the jurisdiction conferred upon County Courts. The latter courts’ jurisdiction is defined in subdivision 3 of section 67 and section 68 of the Civil Practice Act. In construing these statutes, the Appellate Division, Second Department has held that a County Court does not have jurisdiction of a foreign corporation doing business in this State, although its principal place of business and its plant or offices may be located within the county (Wachtel v. Diamond State Eng. Corp., 215 App. Div. 15, supra; see, also, Friedman v. Great Atlantic & Pacific Tea Co., 174 Misc. 185). It follows that, to the extent that section 54 (and also sections 51 and 10) of the Justice Court Act purport to confer on Justices’ Courts jurisdiction over a foreign corporation, they are in contravention of the prohibition of section 18 of article VI of the Constitution, since they purport to confer on such inferior courts jurisdiction “ greater jurisdiction in other respects than is conferred upon county courts ’ ’, and are therefore unconstitutional. This determination leaves no basis whatever for the assertion by the Port Chester Police Justice Court of jurisdiction over the foreign corporation defendant herein. The. order appealed from is affirmed.