John H. Galloway, Jr., J.
The third-party defendant, Shah-moon Industries, Inc., moves to dismiss the plaintiffs’ amended complaint, and the answer and third-party complaint of the defendants and third-party plaintiffs Centennial Manor, Inc., and Woodside Equipment Rental Corp., on the grounds that this court has no jurisdiction of the subject matter of the causes of action alleged in the plaintiffs’ amended complaint, and in the answer of the third-party complaint of the defendants and third-party plaintiffs, because this moving defendant and third-party defendant is a foreign corporation.
This negligence action for damages resulting from a break in a water main in front of plaintiffs’ residence was originally instituted against the Town of Greenburgh (hereinafter called defendant-town), the developer of properties, Centennial Manor, Inc. (hereinafter called defendant-Centennial) and the subcontractor that installed the pipes, Woodside Equipment Rental, Inc. (hereinafter called defendant-Woodside). The defendant-Centennial and the defendant-Woodside hied an answer and *858 third-party complaint against the moving defendant Shahmoon Industries, Inc. (hereinafter called defendant-Shahmoon), claiming a breach of an implied warranty by defendant-Shah-moon as the supplier of the water pipes. Thereafter, plaintiffs served an amended complaint joining Shahmoon as a defendant.
On the authority of Wachtel v. Diamond-State Eng. Co. (215 App. Div. 15) and Friedman v. Great Atlantic & Pacific Tea Co. (174 Misc. 185) the defendant-Shahmoon contends that, since it is a foreign corporation, the County Court has no jurisdiction over the subject matter of any action instituted against it. In opposition to the motion, the plaintiffs urge that, section 190 of the Judiciary Law (formerly Civ. Prac. Act, § 67) which reads: £ 1 An action for any other cause, where the defendant, or if there are two or more defendants, where all of them * * * reside in the county, or where a defendant has an office for the transaction of business within the county and the cause of action arose therein ”, contemplates two separate situations (1) where all the defendants reside in the county, or (2) where the cause of action arose in the county and a defendant has an office therein; and that in the latter situation where, as here, the cause arose in the county and three of the four defendants have offices therein, the jurisdictional requirements of section 190 of the Judiciary Law are satisfied. The plaintiffs reason without considering section 190-a of the Judiciary Law (formerly Civ. Prac. Act, § 68). This latter section, whose express purpose is to aid in determining jurisdiction, has been uniformly held, in cases construing its predecessor (Civ. Prac. Act, § 68) to extend the jurisdiction of the County Courts to include a domestic corporation, but to be insusceptible of any extension whereby a foreign corporation may be included within the jurisdiction of the County Court. In the absence of any different controlling precedent, and these plaintiffs cite none, we are constrained to interpret££ a defendant ”, as posed by plaintiffs in their second interpretation of section 190 of the Judiciary Law, as a personal or domestic corporation defendant rather than a foreign corporate defendant.
We are not unaware that the recent amendments to the Constitution under the court reorganization provisions, the advent of the CPLR, and the amendment of the Judiciary Law to provide for the jurisdiction of the County Court, provide certain anomalies with respect to the jurisdiction of the County Court. However, since the Legislature has not seen fit to currently clarify, in the new statutes, the intent of sections 67 and 68 of the Civil Practice Act (now Judiciary Law, §§ 190, 190-a), we are bound to follow the reasoning in the cases construing those *859 sections, and to hold that under the present statutes the County Court has no jurisdiction over the subject matter of an action involving a foreign corporation.
Accordingly, the motion of the defendant Shahmoon is granted, and the amended complaint and the third-party complaint are dismissed.