Morton B. Silberman, J.
This is an appeal from a judgment entered in the docket of the Justice of the Peace of the Town of Stony Point (Jobson, J.) on May 23, 1967.
Defendant operates a store in the Town of Stony Point. Plaintiff alleged that she purchased a jar of pickles at defendant’s store on December 31, 1966, and that she became ill after she had consumed a portion of them. Suit was commenced in the Justice Court by service of a summons with notice on the manager of defendant’s store in the Town of Stony Point.
Defendant’s answer consisted of a general denial. Defendant also served a third-party summons and complaint on Harry Schorr & Sons, Inc., the alleged bottler of the pickles.
The action was tried in the Justice Court with a jury on May 21, 1967. Prior to the commencement of the trial defendant moved to dismiss the complaint on the ground that it was a foreign corporation and not subject to the jurisdiction of the Justice Court. This motion was denied. The third-party defendant moved to dismiss the third-party complaint on the ground that the court did not have jurisdiction over it or the subject matter of the third-party action. This motion was granted. After trial the jury returned a verdict in favor of plaintiff in the amount of $450. A transcript of the judgment was filed in the Rockland County Clerk’s office on June 1, 1967. Defendant thereupon appealed from said judgment and demanded a neAv trial in this court.
On August 1, 1967, plaintiff moved to dismiss that portion of defendant’s notice of appeal which demanded a new trial in the County Court. Defendant cross-moved to dismiss the original action in the Justice Court and in the County Court on the ground that neither court possessed jurisdiction over it. By decision dated October 18,1967, this court granted plaintiff’s motion and denied defendant’s motion. At the same time the court indicated the inconsistency in defendant’s demanding a new trial in the County Court and then challenging the jurisdiction of the forum to which it had applied. The court determihed that the County Court, since it Avould not have had jurisdiction to entertain this action in the first instance, would necessarily lack jurisdiction to hear the case de novo. The court further determined that the question of the Justice Court’s jurisdiction or lack of jurisdiction would be decided when the appeal was heard by this court.
Plaintiff contends that defendant, although admittedly, a foreign corporation, is subject to the jurisdiction of the Justice Court of the ToAvn of Stony Point. Plaintiff’s action was com-, menced under the provisions of the Justice Court Act, which, *9 effective September 1, 1967, was repealed and replaced by the Uniform Justice Court Act (L. 1966, ch. 898). Plaintiff relies upon former sections 10 and 51 of the Justice Court Act. These sections directly and indirectly refer to jurisdiction and service over a foreign corporation in the Justice Court.
Former section 51 of the Justice Court Act provided, in part, as follows: ‘1 Where the defendant to be served is a corporation other than a domestic municipal corporation, personal service of the summons must be made by delivering a copy thereof anywhere within the state, as follows: * * *
3. If the defendant be a foreign corporation, to the president, treasurer or secretary, or, if the corporation lacks either of these offices, to the officer performing corresponding functions under another name; or, to the cashier, a director or managing agent of the corporation (Emphasis supplied.)
Former section 10 of the Justice Court Act provided, in part, as follows: ‘1 An action must be brought before a justice of a town or city wherein one of the parties resides or a justice of an adjoining town or city in the same county, except in one of the following cases: * * * 3. Where the defendant is a non-resident of the county, it may be brought before a justice of the town or city in which he is at the time of the commencement of the action. * * * A defendant designated in sections [51, 52, 53] and [54] of this act is deemed, for the purposes of this section, a resident of the town or city where the person to whom a copy of the summons is delivered resides.” (Emphasis supplied.)
Defendant alleges, however, that the jurisdiction of the Justice Court cannot be greater than the jurisdiction of the County Court. Section 190 of the Judiciary Law gives the County Court jurisdiction of an action where the defendant, at the time of the commencement of the action, resides in the county or where a defendant has an office for the transaction of business within the county and the cause of action arose therein. Section 190-a of the Judiciary Law provides that a domestic corporation or joint-stock association is deemed a resident of a county in which its principal place of business is established. Because of the specific reference to domestic corporations the courts of this State have traditionally ruled that the County Court does not have jurisdiction of an action involving a foreign corporation. (Wachtel v. Diamond State Eng. Corp., 215 App. Div. 15; Polk v. Town of Greenburgh, 47 Misc 2d 857; Friedman v. Great Atlantic & Pacific Tea Co., 174 Misc. 185.) Therefore, it is argued that if the Justice Court has *10 jurisdiction of an action involving a foreign corporation, such jurisdiction would be greater than that of the County Court.
Section 18 of article VI of the Constitution of the State of New York imposed certain limitations on the civil and criminal jurisdiction of inferior local courts. It read in part as follows: ‘ ‘ All inferior local courts now or hereafter established may be regulated or discontinued by the legislature. The legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon county courts hy or under this article.” (Emphasis supplied.)
Section 18 of article VI was repealed effective September 1, 1962. It was in effect, however, at the time that sections 10 and 51 of the Justice Court Act were enacted (L. 1920, ch. 937), and, therefore, must control any consideration as to their constitutionality. It is defendant’s contention that sections 10 and 51, insofar as they purport to vest the Justice Court with jurisdiction over a foreign corporation, are violative of section 18 of article VI, and, accordingly, are unconstitutional.
Defendant relies on Crane v. Prudential Ins. Co. of America (40 Misc 2d 480) and Fitzell v. Great Atlantic d Pacific Tea Co. (N. Y. L. J., July 21, 1967, p. 12, col. 8). In the Crane case an action was commenced in the Police Justice Court of the Village of Portchester. A representative of defendant was served with process in the Village of Valhalla, which is outside the territorial limits of the Police Justice Court. Defendant’s motion to vacate service of the summons was granted. On appeal to the County Court of Westchester County plaintiff argued that such service was permissible under section 54 of the Justice Court Act and permissible in the Police Justice Court since a Police Justice, in a civil action, possesses the same jurisdiction as a Justice of the Peace of a town (Village Law, § 186). In determining that the Police Justice Court did not acquire jurisdiction over defendant corporation, the County Court held former sections 10, 51 and 54 of the Justice Court Act unconstitutional to the extent that they purported to vest the Justice Court with jurisdiction over a foreign corporation served outside its territorial limits. Since they were unconstitutional, the court determined, they could not form a valid basis for extending the territorial jurisdiction of the Portchester Police Justice Court. The court then continued as follows (p. 485): “ Furthermore, to the extent that sections 10, 51 and 54 of the Justice Court Act purport to confer on a Justice’s Court and section 13 of the Portchester Police Justice Court Act purports to confer on that court, jurisdiction of a foreign corporation, as *11 urged by appellant, then said sections must be declared to contravene that portion of the constitutional provision (art. VT, § 18) which provides: ‘ The legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction or any greater jurisdiction in other respects than is conferr'ed upon county courts by or under this article ’ (emphasis added).”
Additionally, the court referred to the case of Aiello v. Yale Transp. Corp. (174 Misc. 867) wherein it was held that the Justice Court ot the Town of Bye did not acquire jurisdiction of defendant corporation where process was served on an officer of defendant in New York City. In Fitzell v. Great Atlantic & Pacific Tea Co. (supra) which was decided partially on the authority of Crane, it was held that the Yonkers Justice of the Peace Court did not acquire jurisdiction over defendant foreign corporation where service was effected pursuant to subdivision 3 of section 51 of the Justice Court Act. It is not clear from this decision, however, whether service of process was made within the territorial limits of the Yonkers Justice of the Peace Court.
The factual distinction, however, between the Grane and Aiello cases and the case at bar is at once apparent. In the case at bar defendant corporation was served with process within the territorial limits of the Justice Court and no attempt was made to extend the court’s jurisdiction outside of these limits. Further service was made pursuant to statutory provisions specifically providing for such service.
The jurisdictional restrictions of section 18 of article VI have been considered by the Court of Appeals of this State in Matter of Buoneto v. Buoneto (278 N. Y. 284). The Buoneto case involved a constitutional interpretation of section 103 of the Domestic Belations Court Act. This statute provided that a husband could be served with process in the City of New York in a nonsupport proceeding even though he was not a resident or domiciliary of the city. Such jurisdiction was obviously superior to that of the County Court. The defendant husband, upon being served, challenged the jurisdiction of the Family Court. The question presented was whether the Legislature, in enacting subdivision (b) of section 103 of the Domestic Belations Court Act, had transcended its authority by vesting the Family Court with jurisdiction greater than that of the County Court. The Appellate Division ruled that the section violated the above-quoted prohibition contained in section 18 of article VT. The Court of Appeals, however, reversed, and concluded that section 18 of article VT did not prohibit the *12 Legislature from granting jurisdiction to local courts over nonresident defendants who are served with process within the territorial limits of their jurisdiction. In so holding the court cited Worthington v. London Guar. & Acc. Co. (164 N. Y. 81) and Degnon v. Cook S Wilson’s (98 Misc. 251). In each of these cases it was held that the Municipal Court of the City of New York could acquire jurisdiction over a foreign corporation which was served with process within its territorial limits. In each case, moreover, the corporate defendants advanced the same constitutional argument being advanced by the defendant herein. Further, the court in Worthington construed the words “ any greater jurisdiction in other respects than is conferred upon county courts by or under this article” as meaning (p. 91) that “ the framers of the Constitution, in contemplating the creation of inferior local tribunals by the legislature and limiting its power, were not dealing with the jurisdiction of these future courts as to territory, non-resident parties defendant or foreign corporations, but as to subject-matter; they were not to have, in a general way, greater powers, importance and dignity than a County Court ”. The rationale of the Worthington and Buoneto decisions has also been applied to sustain the jurisdiction of the City Court of the City of White Plains over a foreign corporation defendant served pursuant to the provisions of section 253 (former § 52) of the Vehicle and Traffic Law, despite the fact that this jurisdiction was superior to the jurisdiction of the County Court. (See Katz v. Edwards Eng. Corp., 37 Misc 2d 1084.)
It would appear, therefore, that the constitutional prohibition of former section 18 of article VT did not prevent an inferior court, such as the Justice Court, from acquiring jurisdiction over a foreign corporation or nonresident if the defendant was served with process within the territorial limits of the court. Since the defendant herein was served within the territorial boundaries of the Town of Stony Point it is the decision of this court that this service was sufficient to vest the Justice Court with jurisdiction over defendant.
Two other arguments have been advanced by defendant as constituting grounds for reversal of the judgment appealed from. Defendant contends that plaintiff failed to establish, by competent medical testimony, the causal connection between the alleged foreign substance and her alleged injuries. Plaintiff’s claim was that she became nauseous after she had eaten a part of a pickle which contained a worm. The court finds no error in the submission of the case to the jury absent medical testimony connecting plaintiff’s illness to the foreign substance. *13 Where the results of an alleged act of negligence are such that they are within the experience and observation of an ordinary layman, a jury or a court sitting as the trier of the facts can draw a conclusion as to causal relationship without the necessity of expert medical testimony. (Mitchell v. Coca-Cola Bottling Co., 11 A D 2d 579; Meiselman v. Crown Heights Hosp.. 285 N. Y. 389.)
Defendant further contends that the court below erred in permitting the jury to consider plaintiff’s medical expenses as an item of damages. Although plaintiff’s attending physician was not called, plaintiff made claim for his services by showing payment of $5 for one visit and payment for medication which he had prescribed. The court finds no error in permitting plaintiff to testify as to this $5 payment without calling her physician. The judgment appealed from is in all respects affirmed.