OPINION OF THE COURT
Morton L. Portnoy, J.
This action was brought in the Justice Court of the Village of Larchmont, County of Westchester, for an alleged breach of contract in the purchase of a car from the defendant, Austrian Airlines. The plaintiff resides in the City of New Rochelle which is immediately adjacent to the Village of Larchmont. The defendant Austrian Airlines does business at 608 Fifth Avenue, Borough of Manhattan, New York City. Although Hans Schneider is named as a party defendant, his presence on the summons is explained by the words "General Manager of’ and the name Austrian Airlines appearing on the very next line would indicate that the proper and real party defendant is Austrian Airlines. The fact that Hans Schneider *136 is individually named is immaterial since he is clearly designated in a representative capacity for his known principal, Austrian Airlines. In such a context, plus the fact that both parties admit that the transaction involved a purchase of a car by the plaintiff from Austrian Airlines, it is clear that Austrian Airlines is the proper party. Since said corporation was fully and fairly apprised of the commencement of this action by service of the summons with an indorsed complaint upon its general manager, the defendant Austrian Airlines is properly before this court. (CPLR 311.)
A motion was made on behalf of the defendant to dismiss the summons as against Austrian Airlines upon the grounds that this court does not have jurisdiction over the party as set forth in section 213 of the Uniform Justice Court Act. Subdivision (a) of said section provides that "either a plaintiff or a defendant must:
"1. be a resident of the municipality; or
"2. have a regular employment within the municipality; or
"3. have a place for the regular transaction of business within the municipality.”
Subdivision (d) of said section further provides, that, "The requirements of this section shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in this court, and they shall be deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading”. Furthermore, the court may, on its own initiative at any time, dismiss an action which does not satisfy the requirements of this section (UJCA, § 213). The obvious intent of said section is to discourage litigants from burdening a municipality with lawsuits when neither party has a residence, business or job in the municipality. The municipality where the action is brought must have some nexus, contact or concern with matters brought within its territorial jurisdiction. (Reiner & Co. v Schwartz, 41 NY2d 648.)
It is admitted that neither the plaintiff nor defendant is a resident, is regularly employed, or regularly transacts business within the territorial boundaries of this court. However, the contract to purchase the car owned by Austrian Airlines was made and consummated by the delivery of the car within the territorial limits of this court. Therefore, this court is concerned, and should interpret and enforce contracts made within its borders. (Reiner & Co. v Schwartz, supra.) This is *137 also consistent with the Practice Commentaries by Professor David D. Siegel when he states in his discussion of section 213 of the Uniform Justice Court Act: "On the other hand, if reason exists to explain the presence of the case, such as where the cause of action itself arose within the municipality, discretion would be better exercised to retain the case. (For example, though neither party had contact with the jurisdiction when the action was commenced, the plaintiff might previously have had a store in the municipality, and the action might be one to recover the purchase price of something D bought from P at the time.)” (McKinney’s Cons Laws of NY, Book 29A, 1979-1980 Supplement, UJCA, § 213, p 136.)
This court is constrained to follow the holding in Campoli v Grand Union Co. (58 Misc 2d 7), where it was held that service of process within the territorial limits of the Justice Court was sufficient to confer jurisdiction in the Justice Court over a defendant corporation that does not have a place of business nor regularly transacts business within the municipality. The service of process upon the general manager within the territorial limits of this court is sufficient to acquire jurisdiction over that defendant (Worthington v London Guar. & Acc. Co., 164 NY 81; Degnon v Cook & Wilson’s Greatest Wild Animal Circus on Earth, 98 Misc 251). In fact, pursuant to section 403 of the Uniform Justice Court Act service could have been effected anywhere within the county where the court is located.
Accordingly, the defendant’s motion to dismiss this action is denied, without costs.